JOANOS, Judge.
After going through arbitration and obtaining a favorable decision, Watson’s arbitration award was vacated, in part, and modified, in part, by the circuit court. Watson now appeals the circuit court decision. We affirm the circuit court’s decision.
Watson had worked as a teacher’s aide in Duval County since 1969. In January 1979 *1054 she applied for three personal leave days, but was notified after she returned to work that she would not receive pay for two of the days.
The bargaining agreement between Du-val Teachers United and the Duval County School Board for 1978/79 provides for a four step grievance procedure in Article 11. After proceeding through Steps 1, 2 and 3, on July 31, 1979 Watson filed two letters to initiate Step 4 grievances (essentially, an appeal in writing to the School Board). In one letter, Watson sought payment for the two personal leave days as well as the removal from her personnel file of a letter written by her principal and dated January 26, 1979. According to Watson, the principal’s memo evaluated her falsely based upon the personal leave incident. Watson’s second grievance made a similar complaint concerning an evaluation in her personnel file dated March 25,1979. The Board voted to pay Watson for the two days’ leave, but ruled that neither of the two items in her personnel file were “grievable” under the Board/Union agreement. Article 6, Section 5 of the agreement deals with the Personnel Files and provides in part: .
Upon receipt of any communication involving accusations or otherwise defamatory material against an employee, the Personnel Division shall . . . notify the employee of his or her right to respond .... Should the employee dispute the contents of a written communication by presenting competent evidence or substantial information and in the event that there is not sufficient factual evidence that the contents are true, factual, and timely . . . the correspondence material shall be withdrawn from the assessment file and destroyed.
Despite this provision, the Board viewed the two letters as evaluations, not “communication[s] involving accusations or otherwise defamatory material.”
Sometime after the original grievances were filed, Watson was notified that her contract would not be renewed for the 1979/80 year, beginning in September. The Step 4 procedure (initiated July 31st) took an unusually long period of time, so it wasn’t until December 3, 1979 that Watson made her demand for arbitration. Under “Remedy Sought,” Watson listed:
(1) Cause the disputed material to be removed and destroyed according to the contract provision on Personnel File,
(2) Immediate reinstatement of Rose M. Watson to a comparable position as a Follow-Through teacher’s aide.
(3) Compensatory pay as provided in the latest contract with the Duval County School Board for teacher aide retroactive to August 1, 1979.
The Board was notified of the arbitration demand but refused to participate. The Board’s position, explained in a letter, was that the “disputed material” in the personnel file was not arbitrable subject matter under the agreement. Nonetheless, an arbitrator was selected by the American Arbitration Association. The arbitrator first determined that he had jurisdiction to decide the “arbitrability” of the claim. The arbitrator found that the grievance was arbitrable under the Art. 6, § 5 of the agreement as a dispute over the factual basis for the letters in Watson’s personnel file. After receiving documentary evidence and testimony, the arbitrator concluded that “the documents were totally or partially untrue, lacked factual basis, . . . and [were] unwarranted.” Pursuant to this finding, the arbitrator ordered that both the January 26th letter and March 25th evaluation be removed from the file. In addition, the arbitrator ordered the removal of four other documents in Watson’s file dated February 13, February 22, March 20, and April 5, 1979.
Finally the arbitrator found that these improper documents and erroneous evaluations entered into the decision not to renew Watson’s contract. Therefore, the arbitrator ordered that Watson be offered a contract for 1979/80.
The Board moved in circuit court to have the arbitration award vacated. Citing *1055 § 682.13, Florida Statutes (1979)[1] the Board stated that the arbitrator exceeded his power (1) when he held the evaluations to be arbitrable; (2) when he ordered removal of the four documents not previously subject to the grievance procedure or specifically challenged by Watson in her demand for arbitration; and (3) when he ordered that Watson be offered an annual contract. In addition, the Board stated that there was no agreement or provision for arbitration of the subject matter. Watson denied these contentions and counter-moved for confirmation of the award. The court issued an order vacating in part and modifying the arbitration award finding that the arbitrator exceeded his powers in removing the four other documents because no grievance was filed with respect to those documents. The court also vacated the portion of award requiring that Watson be offered a contract. The removal of the January 26 and March 25 documents was confirmed.
The circuit court was correct in ordering removal of the four letters not previously challenged in the grievance procedure. Watson has argued that it was not necessary to file a separate grievance for each document she wished removed from her file because they all related to a single incident. We agree that it was not necessary that Watson proceed through each step of the grievance procedure as more and more letters accumulated in her file concerning the same incident challenged in the initial grievance. We do not agree, however, that the disputed documents did not need to be specified during some point in the grievance procedure, assuming that the letters were added to her personnel file while the grievance was still pending.[2]
As ground for filing the grievance, Watson relied on a provision in the bargaining agreement allowing an employee to seek removal from her personnel file of “any communication involving accusations or other defamatory material . ... ” Under this provision, the employee must submit evidence that the communication contains false material. Thus, a separate determination must be made as to whether the document is appropriate for grievance and, if so, whether it contained false accusations. Since removal and destruction of the document is the remedy set forth in the agreement, it is obvious that each document must be separately identified at some point so that it could be removed from the file if found to be false.
As long as the grievance procedure was still pending, Watson should have notified the Board of all of the letters in her file involving the same factual dispute which she wished to have removed. This would have given the Board the opportunity to reconsider its position on whether the letters were “communications” subject to grievance, and if so, whether the letters contained defamatory material.
Watson has argued that listing each challenged letter would be unduly burdensome, yet no such “burden” has been shown in this case. On July 31, 1979, Watson notified the Board that she sought removal from her file of letters dated January 26th and March 25th, but did not mention a challenge to two letters dated in February, one in March, and one “in April (the four letters removed by the arbitrator.) Watson *1056 does not argue that she was unaware of these last four letters as of July 31, 1979, and no excuse has been offered as to why they were never included in her grievance to the Board.
Even if Watson’s failure to request the Board to remove all six letters were excusable, the lack of specificity in her demand for arbitration would also support the circuit court’s decision. In the section denoted “Relief Sought,” Watson merely requested that the “disputed material” be removed. Although the Board’s decision not to arbitrate was based upon a premise later held to be incorrect, the Board was never at any time put on notice that Watson wanted six, instead of two letters expunged from her personnel file. In making their decision not to arbitrate, the Board was aware of the risk that the arbitrator would grant the remedies requested by Watson; they did not accept the risk that the arbitrator would award relief that was never requested. Since the Board was not notified that the “disputed material” included more than the two letters challenged at the grievance level, they were not given the opportunity to object to or defend against removal of the four additional letters not specifically identified.
The arbitrator’s decision to order reinstatement was based upon the conclusion that all six letters may have contributed to the failure to renew Watson’s contract. Watson has made no argument on appeal that she was entitled to reinstatement to her job even if only two of the six letters were removed from her file. We therefore conclude that such an argument has been waived.
AFFIRMED.
ROBERT P. SMITH, Jr., C. J., and THOMPSON, J., concur.

. Section 682.13 provides, in pertinent part:
—Vacating an award.—
(1) Upon application of a party, the court shall vacate an award when:

(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers.

(e) There was no argument or provision for arbitration subject to this law, unless the matter was determined in proceedings under § 682.03 and unless the party participated in the arbitration hearing without raising the objection.
But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

. Of course, if letters containing the same allegedly false material were placed in her personnel file after the grievance procedure terminated, then it would be futile to initiate the whole process again. At that point, the more recent documents could be added to the relief requested in arbitration.