# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 15, 2000 Session

# D&E CONSTRUCTION COMPANY, INC.  v.  ROBERT J. DENLEY CO., INC.

**Appeal By Permission from the Court of Appeals, Western Section**
**Chancery Court for Shelby County**
**Nos. 98-0313-1, 98-0322-2     Hon. Walter L. Evans, Chancellor**

---

**No. W1998-00445-SC-R11-CV - Filed January 19, 2001**

---

The contractor submitted to arbitration a contractual payment dispute with the project owner arising from a contract to build a subdivision in Collierville. The arbitrators found in favor of the contractor and included an award of attorney's fees. The trial court determined that the arbitration panel exceeded its authority in awarding attorney's fees and vacated the arbitration award. The Court of Appeals reversed, reinstating the entire award. We hold that when the arbitrators awarded attorney's fees, they exceeded their authority by awarding upon a matter not within the scope of the contract's arbitration provision. Therefore, we reverse in part the judgment of the Court of Appeals and vacate the award of attorney's fees.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed in Part and Reversed in Part; Case Remanded to the Chancery Court for Shelby County**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., and FRANK F. DROWOTA, III, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

Julie C. Bartholomew, Somerville, Tennessee, for the appellant, Robert J. Denley Co., Inc.

Ted M. Hayden, Memphis, Tennessee, for the appellee, D&E Construction Company, Inc.

# OPINION

On October 5, 1995, Robert J. Denley Company, Inc. ("Denley"), the project owner, entered into a construction agreement with contractor D&E Construction Company, Inc. ("D&E") to develop the Cottonwood Estates Subdivision in Collierville, Tennessee. In the contract, D&E agreed to provide all necessary labor, utilities, services, and materials for the building project. The contract also contains a provision providing for a retainage fund to be withheld until the completion of the contracted work. The agreement requires the arbitration of "all claims or disputes" relating to the contract that arise between the contractor and the owner. Specifically, the arbitration provision of this contract states in pertinent part:

> 10.8 All claims or disputes between the Contractor and the Owner arising out [of] or relating to the Contract, or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise and subject to an initial presentation of the claim or dispute to the Architect . . . . Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. . . . The agreement herein among the parties to the Agreement and any other written agreement to arbitrate referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof.

In addition, the contract contains a choice-of-law clause requiring all provisions of the contract to be decided in accordance with Tennessee law.[1]

During the course of construction, disputes arose between the parties. Consequently, after the project was completed, Denley refused to pay the contract retainage amount of $64,756.09 to D&E. In response, D&E filed with the American Arbitration Association a demand for arbitration to resolve the contractual payment dispute. Denley thereafter filed a response to the demand for arbitration and a counterclaim requesting damages. Although neither party requested attorney's fees in their written submissions for relief, it is undisputed that D&E orally notified Denley prior to the arbitration hearing that it would be seeking attorney's fees.

In December 1997, a three-person arbitration panel, chosen in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, conducted the

---

[1] "19.1 The Contract shall be governed by the law of the place where the Project is located," in this case, Collierville, Tennessee.

arbitration hearing.[2]  At the hearing D&E requested attorney's fees as additional compensation for Denley's breach of contract.  Denley objected to the arbitrators' consideration of this issue.  On January 15, 1998, the panel issued a written award, itemizing on separate lines the distinct categories of its compensatory awards to D&E:  the total contract retainage amount, interest, and attorney's fees.  The panel also directed Denley to pay the administrative fees and expenses of the American Arbitration Association and the compensation and expenses of the arbitrators.  The Panel denied Denley's counterclaim in its entirety, awarding Denley none of the relief it requested.

Subsequently, D&E filed a petition to confirm the arbitration award pursuant to Tennessee Code Annotated section 29-5-312.[3]  In response, Denley filed a petition for an order vacating or, in the alternative, modifying the arbitration award pursuant to sections 29-5-313[4] and -314[5]

---

[2]  A transcript of the arbitration hearing is not in the record in this case.

[3]  This section provides that "[u]pon application of a party, the court shall confirm an award, unless, within the time limits hereinafter imposed, grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in §§ 29-5-313 and 29-5-314."  Tenn. Code Ann. § 29-5-312 (2000).

[4]  This section requires a court to vacate an award where:
> (1)The award was procured by corruption, fraud or other undue means;
> (2)There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
> (3)The arbitrators exceeded their powers;
> (4)The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 29-5-306, as to prejudice substantially the rights of a party; or
> (5)There was no arbitration agreement and the issue was not adversely determined in proceedings under § 29-5-303 and the party did not participate in the arbitration hearing without raising the objection.
The fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

Tenn. Code Ann. § 29-5-313 (2000).  Denley raised the following issues in its argument before the Chancery Court: the award was procured by undue means; there was evident partiality by one or more arbitrators and/or misconduct prejudicing the rights of Denley; the arbitrators exceeded their powers; and the arbitrators refused to hear evidence material to the controversy or otherwise conducted the hearing contrary to the provisions of section -306, so as to prejudice substantially the rights of Denley.

[5]  This section sets forth the following grounds that, if met, require a court to modify or correct an award:
> (1)There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
> (2)The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
> (3)The award is imperfect in a matter of form, not affecting the merits of the controversy.

Tenn. Code Ann. § 29-5-314 (2000).  Denley raised the alternative argument that if the award should not be vacated

(continued...)

respectively. The two causes of action were consolidated.

On July 23, 1998, D&E filed a motion for summary judgment confirming the arbitration award rendered in favor of D&E and requested a judgment against Denley for the amount of the award, pre-judgment interest, and attorney's fees incurred by D&E in confirming the arbitration award.[6] At the initial hearing on the motion for summary judgment, the trial court indicated that it desired additional evidence with respect to any modifications that were made to the written arbitration provision regarding the payment of administrative expenses and attorney's fees. Therefore, the motion hearing was continued to a later date.

At the continued hearing, the chancellor received three exhibits into evidence: the parties' construction agreement, the demand for arbitration filed by D&E, and the arbitrators' written award. Although the court did not address the summary judgment motion specifically, it ultimately ruled that the arbitration panel exceeded its authority in awarding $13,000 in attorney's fees to D&E. Specifically, the court explained:

> In the contract, there is no reference whatsoever as to attorney fees, and it's the Court's opinion that the law of the State of Tennessee is that unless the attorney fees have been agreed to between the parties in a contractual matter, that the award of attorney fees is not appropriate under the circumstances, and therefore, the Court can find nothing in this agreement which makes Mr. Denley liable for attorney fees that may be awarded as a result of a breach.
> . . . .
> The Court is of the opinion that even if there is a breach unless there is a provision where Mr. Denley has agreed to pay attorney fees, then that is not a proper matter for the arbitrators to decide.
> . . . .
> Therefore, the Court is of the opinion for the arbitrators to award attorney fees where there is no provision in the contract for attorney fees or there was not a part of the demand for arbitration which was submitted to them that the arbitrators exceeded their authority and that the award will be vacated.

Accordingly, in a written order vacating the arbitration award, the trial court found that the "arbitrators' award of attorney['[]s fees exceeded their powers, that the attorney['[]s fees were integral to the award, and that the arbitration award should, therefore, be vacated."

D&E appealed the chancellor's decision, arguing that the "American Rule" requiring each

---

[5] (...continued)
in its entirety, then all of the grounds set forth in this section exist to warrant modification of the award.

[6] A trial court has the discretion to award attorney's fees incurred in post-arbitration proceedings. <u>Wachtel v. Shoney's, Inc.</u>, 830 S.W.2d 905, 909 (Tenn. Ct. App. 1991).

litigant to pay its own attorney's fees absent statutory authority or a contractual provision to the contrary does not necessarily apply to arbitration proceedings in Tennessee. Citing Guess v. Maury, 726 S.W.2d 906 (Tenn. Ct. App. 1986), the Court of Appeals rejected this argument, reiterating this jurisdiction's well established rule that attorney's fees cannot be awarded in contract disputes unless the contract or applicable statutory law so provides. The intermediate court then addressed the issue of whether the panel exceeded its power in awarding attorney's fees. Relying upon this Court's decision in Arnold v. Morgan Keegan & Co., 914 S.W.2d 445 (Tenn. 1996), the court agreed that the arbitration panel's award of attorney's fees could be "found to have [been] an error of law," but such error was nevertheless "insufficient to invalidate an award fairly and honestly made." Arnold, 914 S.W.2d at 451. Therefore, the Court of Appeals reversed the judgment of the trial court and remanded the case for further proceedings.

We granted Denley's petition to address the following issue: whether the Court of Appeals erred in reinstating the entire arbitration award, including attorney's fees, based on the intermediate court's determination that the arbitrators had not exceeded their powers in awarding these fees. We hold that the Court of Appeals did err in affirming the arbitrators' award of attorney's fees as part of the total award of damages for the breach of contract claim. Pursuant to Tennessee Code Annotated section 29-5-313(a)(3), we find that the arbitrators exceeded their authority when they awarded upon a matter not within the scope of the contract's arbitration provision. Therefore, we vacate the award of attorney's fees, and we remand this case to the trial court for further proceedings to consider the other issues raised by the owner in its petition to vacate the award.[7]

### *Standard of Review*

Tennessee has adopted the Uniform Arbitration Act, see Tenn. Code Ann. §§ 29-5-301 to -320 (2000), which governs "the scope of judicial review of arbitration awards." Arnold v. Morgan Keegan & Co., 914 S.W.2d 445, 447-48 (Tenn. 1996). The trial court's role in reviewing the decision of arbitrators is limited to those statutory provisions that establish the grounds to modify or vacate an arbitration award. Id. at 48. Upon application of a party to the arbitration to confirm the award, Tennessee Code Annotated section 29-5-312 requires the trial court to "confirm [the] award, unless, within the time limits hereinafter imposed, grounds are urged for vacating or

---

[7] The Court of Appeals was asked to decide whether the case should be remanded for a hearing on the additional grounds asserted in the trial court for vacation of the award. The intermediate court decided in the affirmative, stating:

> The record reflects that the parties by stipulation entered the three exhibits . . . . There was no evidence presented by either party other than the exhibits. The record also reflects that Denley's counsel in colloquy with the court indicated that evidentiary proof would be forthcoming on the part of Denley. The Court only considered the issue concerning the award of attorney fees. Although Denley's counsel did not attempt to put on any evidence and apparently was not precluded by the court from doing so, it does appear that the hearing before the court was confined to the issue of the award of attorney fees and not the other issues raised by Denley's petition to vacate the award. It appears that the trial court's ruling from the bench indicated to counsel that the hearing was ended. In fairness, Denley should have its day in court.

modifying or correcting the award . . . ." The arbitration award may be vacated if, among other reasons, "the arbitrators exceeded their powers." Tenn. Code Ann. § 29-5-313(a)(3). In the alternative, a trial court can modify or correct the award when "[t]he arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted." Tenn. Code Ann. § 29-5-314. In all cases warranting judicial review of arbitration awards, the trial court "must accord deference to the arbitrators' awards." Arnold, 914 S.W.2d at 448.

This Court is also required to apply a deferential standard of review. See id. at 450. In Arnold, we held that when an appellate court reviews a trial court's decision in an arbitration case, "it should review findings of fact under a 'clearly erroneous' standard, [that is,] accept those facts as found unless clearly erroneous." Id. Moreover, we are "not permitted to consider the merits of an arbitration award even if the parties allege that the award rests on errors of fact or misrepresentation of the contract." Id. Where, as here, the issues presented are questions of law, we must resolve the matter "with the utmost caution, and in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." Id.

## ANALYSIS

Section -302 of the Tennessee Uniform Arbitration Act provides that "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." Therefore, the scope of an arbitrator's authority "is determined by the terms of the agreement between the parties which includes the agreement of the parties to arbitrate the dispute." International Talent Group, Inc. v. Copyright Management Inc., 769 S.W.2d 217, 218 (Tenn. Ct. App. 1989). When the parties agree to arbitrate, they are bound by the terms of that arbitration provision. Arbitrators exceed their powers when the issue that they decide is not within the scope of the agreement to arbitrate. Id. In this case, the parties agreed to submit to arbitration "all claims or disputes between the Contractor and the Owner arising out [of] or relating to the Contract, or the breach thereof." D&E asserts that the contract's broad language requiring arbitration of "all claims or disputes" relating to the contract or its breach is a clear indication of the parties' intent to include claims of attorney's fees in a breach of contract dispute. We disagree.

It is well settled that courts must examine the content of the entire written agreement to determine the contracting parties' intent. "Contractual terms should be given their ordinary meaning . . . and should be construed harmoniously to give effect to all provisions and to avoid creating internal conflicts." Wilson v. Moore, 929 S.W.2d 367, 373 (Tenn. Ct. App. 1996). In addition, a contract's provisions must be interpreted in the context of the entire contract, "'viewed from beginning to end and all its terms must pass in review, for one clause may modify, limit or illustrate another.'" Frizzell Constr. Co., v. Gatlinburg, L.L.C., 9 S.W.3d 79, 85 (Tenn. 1999) (quoting Cocke County Bd. of Highway Comm'rs v. Newport Utils. Bd., 690 S.W.2d 231, 237 (Tenn. 1985)); see also Realty Shop, Inc. v. RR Westminster Holding, Inc., 7 S.W.3d 581, 597

-6-

(Tenn. Ct. App. 1999). Although the arbitration provision in this case gives the arbitration panel very broad authority to decide *any* claims relating to a breach of contract dispute, when looking at the contract in its entirety, we find no provisions requiring the owner to pay attorney's fees to the contractor in the event of its breach of the contract.

On the other hand, there are two provisions in the contract requiring the contractor to indemnify the owner against certain claims,[8] which include, and specifically mention, the payment of attorney's fees as part of any related expenses. After reading the contract in its totality, we conclude that the maxim *expressio unius est exclusio alterius* is applicable here. "Literally translated, the phrase . . . means: the expression of one thing is the exclusion of another (of the same kind). Whilst the rule is more frequently applied to the construction of statutes and wills, it equally is applicable to other instruments of writing." City of Knoxville v. Brown, 260 S.W.2d 264, 268 (Tenn. 1953). We conclude that application of this canon to this case provides further evidence that the parties did not intend to arbitrate the issue of attorney's fees relating to the owner's breach of the agreement.

Moreover, the parties included a choice-of-law provision, which does clearly reflect the parties' intention, absent evidence of agreement to the contrary, "to arbitrate all disputes 'arising out of, or relating to' their agreement–but only to the extent allowed by Tennessee law." Frizzell, 9 S.W.3d at 85. Hence, the broad nature of the arbitration provision is limited by applicable Tennessee law. In that respect, Tennessee Code Annotated section 29-5-311 states clearly and unambiguously that attorney's fees are *not* to be awarded for work performed in arbitration proceedings absent the parties' understanding to the contrary: "Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including counsel fees*, incurred in the conduct of arbitration, shall be paid as provided in the award." (emphasis added). Therefore, because the parties did not specifically provide for the arbitration of attorney's fees relating to the enforcement of the contract and did not otherwise agree to arbitrate this issue, the arbitration clause does not indicate the parties' intent to override Tennessee law excluding attorney's fees from the payment of costs and expenses incurred in arbitration.

The parties in this case are both sophisticated business organizations and presumably are aware that Tennessee law does not provide for the payment of "counsel fees" incurred in arbitration absent the parties' agreement to the contrary. Cf. Frizzell, 9 S.W.3d at 85 n.12. Moreover, the parties initialed the bottom of each page of the contract embodying the general conditions,

---

[8] Provision 9.12 of the parties' agreement requires that "the Contractor shall indemnify and hold harmless the Owner, Architect, Architect's consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to *attorneys' fees*, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including loss of use resulting therefrom, but only to the extent caused in whole or in part by negligent acts omissions of the Contractor . . . ." (emphasis added).

Provision 15.4 provides: "If [a lien arising out of this Contract] remains unsatisfied after payments are made, the Contractor shall refund to the Owner all money that the Owner may be compelled to pay in discharging such lien, including all costs and reasonable *attorneys' fees*." (emphasis added).

presumably signifying that all conditions were read, understood, and accepted. Accordingly, the failure of the parties to amend the form contract's terms to include the arbitration of attorney's fees relating to the enforcement of the contract leads this Court to conclude that the parties did not intend for the payment of attorney's fees to be decided by the arbitrator. Cf. id.

The question, then, is whether the arbitrators exceeded their powers, thereby requiring the award of attorney's fees to be vacated pursuant to section -313(a). When, as in this case, there is a clear decision by the parties to arbitrate certain matters, and there exists an arbitrable issue submitted to the panel for resolution, the panel has not exceeded its powers pursuant to 29-5-313(a) in resolving that issue. For example, the arbitration panel acted within the scope of its authority when it awarded the retainage fund in its resolution of the contractual payment dispute.

On the other hand, we find that the panel erred in awarding attorney's fees. Because the arbitration provision, read within the context of the parties' entire written agreement, precludes arbitrators from deciding that issue, the arbitration panel lacked jurisdiction to award attorney's fees. We agree with Denley that the panel exceeded its powers as set forth by the agreement to arbitrate. Nevertheless, we decline to adopt Denley's requested remedy, that is, to vacate the entire arbitration award. Instead, in the spirit of promoting prompt settlement of disputes via alternative dispute resolution, we opt for a more equitable remedy: sever the award and vacate only the attorney's fees from the total amount awarded to D&E. Cf. Smith v. Waller, No. 03A01-9704-CH-00127, 1997 WL 412537, at *2 (Tenn. Ct. App. filed at Knoxville July 24, 1997) (deleting the award of attorney's fees from the total arbitration award).

Other states that have adopted the Uniform Arbitration Act have seen it fit to elide a non-authorized award from the rest of the arbitration award. For example, in Edward Electric Co. v. Automation, Inc., 593 N.E.2d 833, 843 (Ill. App. Ct. 1992), the arbitration agreement did not expressly provide for the authority of the arbitrators to award punitive damages. Therefore, the court vacated that portion of the award, confirming the remainder. Although the appellant argued that arbitration awards are not severable, that argument was rejected by the court: "Where parts of an award are not in any manner dependent on one another, the award is severable and sustainable in part." Id.[9]

---

[9] A number of other states that have adopted the Uniform Arbitration Act find it appropriate to sever an arbitration award, vacating only certain portions of the entire award: Watson v. Duval County Sch. Bd., 408 So. 2d 1053, 1055 (Fla. Dist. Ct. App. 1981) (vacating part of arbitration award, holding that arbitrator exceeded his powers in removing four letters from teacher's personnel file, and in awarding appellant a job contract); Bingham County Comm'n v. Interstate Elec. Co., 665 P.2d 1046, 1052 (Idaho 1983) (vacating award of attorney's fees, holding that it was beyond the power of the arbitrator to award these fees); Lee B. Stern & Co. v. Zimmerman, 660 N.E.2d 170, 174 (Ill. App. Ct. 1995) (vacating the arbitrators' award of attorney's fees because this award exceeded their powers); School City of East Chicago, Indiana v. East Chicago Fed'n of Teachers, 422 N.E.2d 656, 663 (Ind. Ct. App. 1981) (vacating that portion of the arbitrator's award granting punitive damages); Maine State Employees Ass'n Local 1989 v. State Dep't of Corrections, 593 A.2d 650, 651 (Me. 1991) (vacating that portion of the judgment lacking clarity and remanding to the arbitrator for further clarification); Local 589, Amalgamated Transit Union v. Massachusetts Bay

(continued...)

Denley argues in the alternative that if the arbitrators have not exceeded their powers, then they have made an award based upon a matter not submitted to them pursuant to Tennessee Code Annotated section 29-5-314.[10] However, for this section to be applicable, all issues to be decided by the arbitrators, whether actually submitted or not, must be capable of being arbitrated according to the terms of the arbitration agreement. We have already determined that the issue of attorney's fees falls outside the scope of the parties' agreement, thereby rendering section -314 inapplicable.

**CONCLUSION**

In summary, we hold that the Court of Appeals erred in confirming the entire arbitration award. The contract as a whole reflects the parties' intent for the arbitrators to decide all disputes in accordance with Tennessee law, and, absent the parties' clear agreement to the contrary, Tennessee prohibits the award of attorney's fees for arbitration proceedings. While the arbitrators did resolve the clearly arbitrable issue submitted to them, the panel exceeded its authority in awarding these fees. Accordingly, the judgment of the Court of Appeals is affirmed in part and reversed in part. The award of attorney's fees is vacated. This case is remanded to the trial court for further proceedings to consider the other issues raised by the owner in its petition to vacate the award.

---

[9] (...continued)
Transp. Auth., 467 N.E.2d 87, 95 (Mass. 1984) (severing unenforceable portions of the arbitration award as beyond scope of arbitrator's authority and enforcing the remainder of the award); G. L. Wilson Bldg. Co. v. Thorneburg Hosiery Co., 355 S.E.2d 815, 818-19 (N.C. Ct. App. 1987) (holding that the arbitrators exceeded their authority in awarding attorney's fees and vacated this portion of the award); Springfield Teachers Ass'n v. Springfield Sch. Dirs., 705 A.2d 541, 548 (Vt. 1997) (vacate judgment of lost wages and benefits, confirming the rest of arbitrator's decision on the merits); Gelles & Sons v. Matherne, 1990 WL 751374, at *1 (Va. Cir. Ct. 1990) (vacating arbitrator's award of punitive damages because such award exceeded arbitrator's authority and confirming remainder of award).

[10] Only those issues contained in the written submission may be decided by the arbitrators. The contract stipulates that the arbitration proceedings shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. As such, rule 8, "Changes of Claim," states that "[a]ny new or different claim, as opposed to an increase or decrease in the amount of a pending claim or counterclaim, shall be made in writing and filed with the AAA . . . ." National Construction Dispute Resolution Committee, Construction Industry Dispute Resolution Procedures (Including Mediation and Arbitration Rules). Tennessee Code Annotated, section 29-5-104, sets forth similar requirements for a submission: "The submission shall be by written agreement, general or special, specifying what demands are to be submitted, the names of the arbitrators or the manner of their selection . . . and the court by which the judgment on their award is to be rendered." The written submission should clearly set forth what issues need to be resolved, thereby providing the arbitrators with the exact disputes to be arbitrated. "The charter of an arbitrator is the submission and no matter outside the submission may be included in the award." Local Textile Workers Union of America, C.I.O. v. Cheney Bros., 109 A.2d 240, 244 (Conn. 1954). In this case, it is undisputed that D&E *orally* requested the additional claim of attorney's fees.
   The specific submission made by D&E was the request for the resolution of a contractual payment dispute, an issue that does indeed involve a "claim or dispute arising out [of] or relating to the contract, or the breach thereof"; this issue is thus within the scope of the arbitration agreement and was properly decided by the panel.

Costs of this appeal are taxed to D&E Construction Co., for which execution shall issue if necessary.

_____
WILLIAM M. BARKER, JUSTICE