IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 26, 2008 Session

## PIERRE PONS, ET AL. v. BARRY HARRISON d/b/a B. HARRISON HOUSEWRIGHTS

**Direct Appeal from the Chancery Court for Williamson County**
**No. 32050     Jeffrey S. Bivins, Chancellor**

_____

**No. M2007-01909-COA-R3-CV - Filed July 9, 2008**

_____

Defendant Homebuilder left plaintiff Homeowners' job site before completing construction of their residence. Homebuilder appeals the chancery court's confirmation of an adverse arbitration award, arguing that the arbitrator exceeded his authority by refusing to enforce a provision of the contract that would have rendered the plaintiff Homeowners' suit time barred. The limitation provision applied to suits for defective improvements to real estate. The gravamen of this breach of contract action was partial performance, not defective performance. Further, the arbitrator awarded to Homeowners the cost to complete the construction plus interest, attorney's fees, and arbitration costs. Finding that the limitation period does not apply to this action, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

L. Anthony Deas, Madison, Tennessee, for the appellant, Barry Harrison.

Joel M. Leeman and Matthew C. Hardin, Nashville, Tennessee, and Douglas S. Hale, Franklin, Tennessee, for the appellees, Pierre Pons and Pauline Pons.

**OPINION**

Pierre and Pauline Pons (Mr. Pons, Mrs. Pons, or the Ponses) entered into a contract with Barry Harrison, d/b/a B. Harrison Housewrights (Mr. Harrison) on February 14, 2001, for the construction of a residence. The contract price for the house was $370,000, and Mr. Harrison was to use his best efforts to complete the construction within 180 days from the start of the framing, which began May 1, 2001. According to this time frame, the residence should have been completed around November 1, 2001. In February of 2002, Mr. Harrison ceased working on the house and left the job site. According to the Ponses, they had already paid Mr. Harrison a total of $369,476 by that

time, but then had to pay an additional $100,000 to another contractor to complete the construction. The Ponses obtained a Certificate of Occupancy on March 7, 2002.

On November 17, 2005, the Ponses filed a breach of contract action against Mr. Harrison in chancery court. After answering the Ponses' complaint, Mr. Harrison obtained a stay of the proceedings pending the outcome of arbitration. The arbitration hearing occurred from February 21 through February 23, 2007. On April 6, 2007, the arbitrator rendered an award in favor of the Ponses and specifically found that Mr. Harrison had breached the contract and that the defenses Mr. Harrison raised immediately prior to the hearing were not well taken.[1] The arbitrator awarded the Ponses the sum of $214,866.35, which included the cost to complete construction, attorney's fees, arbitration costs, and mortgage and construction loan interest.

The Ponses then filed an application in chancery court for confirmation of the arbitrator's award, after which Mr. Harrison filed a motion to vacate or modify the same. Following a July 30, 2007, hearing, the chancellor confirmed the award and found that it complied with the requirements of the Uniform Arbitration Act as adopted in Tennessee. In accordance with Tennessee Rule of Civil Procedure 54.02, the chancellor directed the entry of a final judgment on August 10, 2007, reserving the issue of additional attorney's fees for a later date. Mr. Harrison filed a notice of appeal on August 22, 2007.

### Issue Presented and Standard of Review

On appeal, Mr. Harrison presents the following issue for review:

[whether t]he Chancellor should have vacated the arbitrator's award because the arbitrator exceeded his powers in making the award.

The Tennessee Uniform Arbitration Act governs – and limits severely – the scope of judicial review of arbitration awards. *D & E Constr. Co. v. Robert J. Denley Co., Inc.*, 38 S.W.3d 513, 518 (Tenn. 2001); *Arnold v. Morgan Keegan & Co.,* 914 S.W.2d 445, 447–48 (Tenn. 1996). In reviewing such decisions, our Court must apply a deferential standard of review. *Arnold,* 914 S.W.2d at 450. The Tennessee Supreme Court has clarified this standard and stated that intermediate appellate courts should "review findings of fact under a 'clearly erroneous' standard, [accepting] those facts as found unless clearly erroneous." *D & E Constr. Co.*, 38 S.W.3d at 518. Further, on issues presenting a question of law, we review them "with the utmost caution, and in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." *Id.*

Although Mr. Harrison asserted in his answer that he had not abandoned the job site, but rather had left at the instruction of the Ponses, he does not challenge the arbitrator's finding that he

---

[1] The arbitrator modified his award to specify that Mr. Harrison's defenses were *not* well taken. He had mistakenly omitted the word "not" in his original award.

was in material breach of the contract between the parties. He relies solely on the question of whether the arbitrator exceeded his authority – and, thus, whether the chancellor erred in confirming the award. Accordingly, we shall narrow our focus upon this single question and now turn to it.

*Analysis*

Mr. Harrison contends that a one-year time limitation provision in the contract barred the Ponses' law suit. He asserts that the arbitrator exceeded his authority when he refused to enforce this provision and to dismiss the matter. He further argues that the chancellor erred in refusing to vacate the award. We disagree.

The Tennessee Code directs trial courts to vacate an arbitration award if, among other reasons, the arbitrator has exceeded his or her power in rendering it. Tenn. Code Ann. § 29-5-313(a)(3) (2000); *D & E Constr. Co.*, 38 S.W.3d at 518. The terms of the agreement between the parties determine the scope of the arbitrator's authority. *Williams Holding Co. v. Willis*, 166 S.W.3d 707, 711 (Tenn. 2005); *D & E Constr. Co.*, 38 S.W.3d at 518; *Arnold*, 914 S.W.2d at 450 (stating that arbitrators exceed their authority "when they go beyond the scope of authority granted by the arbitration agreement"). The subject contract provided that "[t]he arbitrators' authority is limited to the interpretation and application of this Agreement, and the arbitrator may not alter, modify or refuse to enforce any provision of this Agreement, even if the arbitrator believes such provision to be unfair or unconscionable." Although the contract charged the arbitrator with the task of interpreting its provisions, it expressly prohibited the alteration, modification, or selective enforcement of applicable provisions.

Paragraph 14 of the contract, which addressed the builder's limited warranty and provided for the repair of covered defects, contained the provision in question. Subparagraph (F) provided as follows:

> Repairs. Upon receipt of Owner's written report of a defect, if the defective item is covered by Builder's Limited Warranty, Builder shall repair or replace it at no charge to Owner, within thirty (30) days, (extended for delays caused by weather conditions, labor problems or material shortages).

> Notwithstanding the foregoing, Builder and Owner expressly waive the statutory limitations on actions for defective improvements of real estate, as provided by Tennessee Code Section 28-3-201 et seq., and in lieu thereof covenant and agree that all actions recoverable under this statutory provision shall be brought within one (1) year after substantial completion of the House.

The code section waived by the parties establishes a four year statute of repose for "[a]ll actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property." Tenn. Code Ann. § 28-3-202 (2000). Mr.

Harrison argues that the arbitrator was required to enforce the waiver and one-year limitations provision. We are not convinced, however, that the limitation period applies to the Ponses' lawsuit.

To determine whether this lawsuit falls within the ambit of the referenced statute of repose, thus making it subject to the one-year limitation, we look to the gravamen of the complaint and to the basis for which the damages are sought. *See Vance v. Schulder*, 547 S.W.2d 927, 931 (Tenn. 1977); *Tip's Package Store, Inc. v. Commercial Ins. Managers, Inc.*, 86 S.W.3d 543, 551 (Tenn. Ct. App. 2001); *Keller v. Colgems-EMI Music, Inc.*, 924 S.W.2d 357, 359 (Tenn. Ct. App. 1996). Although there are some references made to inferior workmanship[2] in the complaint, the suit plainly rests upon nonfeasance more so than malfeasance, or partial performance rather than defective performance. The Ponses averred, and it is undisputed, that the following items were left *uncompleted* by Mr. Harrison: plumbing items, electrical items, heating and air conditioning, flooring (including carpet, hardwood, and tile), painting, septic system connection, concrete work, interior and exterior trim work, window screens, gutters, landscaping, shutters, and installation of the dryer vent, the range and hood, the door to the crawl space, vanity mirrors, and kitchen and laundry appliances. Moreover, it appears that the arbitrator awarded them the cost to complete the residence. The Ponses averred that they were required to pay another contractor approximately $100,000 to complete the house, even after having paid Mr. Harrison (almost) the entire contract price. The compensatory damages for the home's physical shortcomings amounted to $99,598.65, less than half of the arbitrator's $214,866 award. The balance of that amount consisted of additional interest on the construction loan, additional mortgage interest, attorney's fees, and costs of arbitration.

In this breach of contract case, the chief complaint was nonfeasance, not malfeasance. This distinction removes the action from the purview of Tennessee Code Annotated Section 28-3-202 because the statute applies to actions predicated upon defective improvements to real property, property damage, and personal injury or wrongful death attributable to the defective work. Because the statute does not apply, neither do the contractual waiver and one-year limitation period. We accordingly affirm the chancellor's confirmation of the award. Costs of this appeal are taxed to the Appellant, Barry Harrison d/b/a B. Harrison Housewrights, and his surety, for which execution shall issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[2]The complaint includes allegations of inferior painting, unauthorized modifications and substitutions, and improper framing of the house. The Ponses also asserted that these defects lowered the home's market value; nonetheless, they sought and received their out of pocket expenses to complete the construction.