IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 6, 2007 Session

# WILSON COUNTY BOARD OF EDUCATION v. WILSON COUNTY EDUCATION ASSOCIATION AND BILL REPSHER

**Appeal from the Chancery Court for Wilson County**
**No. 04174     Charles K. Smith, Chancellor**

———————————

**No. M2005-02720-COA-R3-CV - Filed July 7, 2010**

———————————

A teacher and the teachers' representative organization appeal the trial court's declaration that the local school board was not required to submit to arbitration as the last step in a grievance procedure set out in a locally negotiated agreement. We affirm the trial court based upon our conclusion that no enforceable agreement to arbitrate exists.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., joined. WILLIAM B. CAIN, J. not participating.

Richard L. Colbert, Amy W. Malone, Nashville, Tennessee, for the appellants, Wilson County Education Association and Bill Repsher.

Michael R. Jennings, Lebanon, Tennessee, for the appellee, Wilson County Board of Education.

## OPINION

This case is a companion case to *Wilson County Board of Education v. Wilson County Education Association and Steve Johnson*, No. M2005-02719-COA-R3-CV. The parties themselves describe the two cases as companion cases, and the appellants describe the issues of law in the two cases as the same. Further, both cases involve interpretation of the same contract between the entity parties.

As discussed in *Johnson*, after the issuance of the Tennessee Supreme Court's opinion in *Lawrence County Educ. Ass'n v. Lawrence County Bd. of Educ.*, 244 S.W.3d 302 (Tenn. 2007), which all parties and this court knew would be relevant to the issues in these cases, we asked the parties to file supplemental briefs on two issues in *Johnson*. One of those issues was based on specific language used in the contract regarding resolution of grievances. The parties have stated that the contract in the record in this case is the same as the contract in the record in *Johnson*. Our opinion in the *Johnson* case has been recently filed, and we rely on that opinion in this case, without repeating the analysis.

## I. BACKGROUND

Mr. Repsher is a tenured public school teacher in the Wilson County Public School System. In 1998, Mr. Repsher was transferred from his position as principal at Carroll-Oakland Elementary School and assigned as a class room teacher. The 1998 settlement agreement between Mr. Repsher and the Wilson County Board of Education ("Board") arising from that transfer provided that Mr. Repsher was free to apply and would be considered for any job vacancies for assistant principal in the future. Mr. Repsher alleges that he applied for a number of such positions over the years but was not selected. Nonetheless, this appeal does not involve claims that the Board failed to comply with that settlement agreement, nor does it seek relief based on alleged noncompliance. This action was not brought as a breach of contract suit.

Instead, this action arises from Mr. Repsher's efforts to resolve his dispute over a particular situation in which he was not transferred to an administrative position. He alleges that he applied for an assistant principal position in 2003 at Carroll-Oakland that was ultimately filled by an individual, Mr. Beavis, who had not previously been a Wilson County School system employee.

At all times relevant herein the Wilson County Education Association ("Association") and the Board were parties to a locally negotiated agreement ("Agreement") under the Education Professional Negotiations Act ("EPNA"), Tenn. Code Ann. § 49-5-601 *et seq*. Mr. Repsher filed a grievance under Article 2 of the Agreement alleging that hiring Mr. Beavis for the assistant principal position violated Article 6 (A)(2) which, according to the parties' trial court filings,[1] provides:

---

[1] In their appellate briefs, neither party actually quotes the provision. In referring to it, the Association's brief cites to the grievance in the record, which contains the quoted language. Other documents in the record also refer to the same quoted language.

No promotional positions shall be filled until properly submitted applications have been considered. In filling such vacancies, preference shall be given to qualified employees already employed by the school system.

However, the Agreement actually appearing in the record in this case, provides as follows:

Employees who have been involuntarily transferred or reassigned for administrative reasons shall be given preference over those employees seeking voluntary transfers when a vacancy is to be filled during the summer months, with the approval of the receiving principal.

Because we resolve this issue on other grounds, we need not examine or discuss this discrepancy further. To the extent this inconsistency raises questions about the content of other parts of the Agreement appearing in the record, we deal with that issue later.

The resolution sought by Mr. Repsher's grievance was that he be appointed as assistant principal at Carroll-Oakwood or "placed in another administrative position."

Mr. Repsher's grievance proceeded through the steps outlined in Article 2 of the Agreement, including consideration by the Board, until it reached Step 4. Mr. Repsher and the Association gave notice that the grievance was to be submitted to arbitration, as provided in the Agreement. At that point, the Board filed this action against Mr. Repsher and the Association seeking a declaratory judgment as to whether the Board was required to submit Mr. Repsher's grievance to arbitration.

On what ultimately became cross motions for summary judgment, the trial court concluded that Tenn. Code Ann. § 49-2-303 included "assistant principals" and, consequently, under the holding of *Marion County Board of Education v. Marion County Education Association*, 86 S.W.3d 202 (Tenn. Ct. App. 2001), the director of schools had the authority to appoint or reappoint assistant principals unhindered by the Agreement. The Association and Mr. Repsher appealed.

The issue on appeal is whether the decision of the director of schools not to transfer Mr. Repsher to an assistant principal position can be subject to arbitration under the Agreement. Mr. Repsher and the Association argue on appeal that assistant principals are not covered by Tenn. Code Ann. § 49-2-303. Furthermore, Mr. Repsher and the Association argue that hiring a person outside the Wilson County system constituted a violation of the

3

above-quoted Article 6(A)(2) of the Agreement and that such violation is grievable.[2] The Board argues that Tenn. Code Ann. § 49-2-303 is applicable and that the Agreement may not remove the ultimate authority for transfers from the director of schools.

We conclude, however, that this appeal must be resolved on the basis of the language of the Agreement itself, without recourse to the significant legal issues raised by the parties and by decisions rendered after briefing herein.

## II. THE AGREEMENT TO ARBITRATE

The appeal in this case is from a judgment declaring that the Board was not required to submit to arbitration of Mr. Johnson's grievance regarding his transfer. Obviously, whether the parties effectively agreed to arbitration and how the parties agreed to define that arbitration are initial questions important in our review of the trial court's order. If there was no enforceable agreement to arbitrate, the Board could not be compelled to submit to arbitration, and the trial court's judgment must be affirmed.[3]

The precise language of the Agreement's grievance procedures is, of course, important to resolution of any question regarding whether there was an enforceable agreement to arbitrate. We have relied on the Agreement found in the record of this case. The parties supplemented the record herein to provide a complete copy of the Agreement, since some pages were missing in the copy found in the original record. Thus, they affirmed that the Agreement in the supplemented record was the Agreement at issue. Additionally, in their brief, the Association and Mr. Repsher stated that "a complete copy of the negotiated collective bargaining agreement [applicable to Mr. Repsher's case] can be found in the *Johnson* record," citing to page numbers in the *Johnson* record. The same Agreement

---

[2]Mr. Repsher and the Association argue that the director failed to interview him for the assistant principal position in accordance with the settlement agreement. Whether and to what extent a violation of the settlement agreement is grievable under the Agreement is not an issue presented on appeal. The issue is whether the director of schools' decision not to transfer Mr. Repsher is contractually subject to final resolution by arbitration.

[3]The Court of Appeals may affirm a judgment on different grounds from those relied on by the trial court when the trial court reached the correct result. *Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986); *Shutt v. Blount*, 194 Tenn. 1, 8, 249 S.W.2d 904, 907 (1952); *In re Estate of Jones*, 183 S.W.3d 372, 378 n.4 (Tenn. Ct. App. 2005); *Shoemake v. Omniquip Int'l, Inc.*, 152 S.W.3d 567, 577 (Tenn. Ct. App. 2003).

appears in both records. Therefore, we have no question as to the contents of the applicable provision.[4]

As set out in the *Johnson* opinion, the grievance procedure is found in Article 2 of the Agreement. Step 3 of that procedure is a review by the Board, including a hearing. Step 4 provides that, "[i]f dissatisfied with the disposition of the grievance at step 3 . . . the Association may submit the grievance to either (1) **panel binding arbitration** or (2) **regular binding arbitration**." The Agreement further describes the two types of arbitration, and the primary distinction between them is whether the grievance is heard by a single person or by a panel.

Both types of "binding arbitration," however, are subject to provisions stating the panel or the arbitrator "**may recommend** reinstatement, financial reimbursement, damages and/or other remedies." (emphasis added). The inconsistency between "**binding arbitration**" and a "**recommendation**", instead of an award, by the arbitrator is obvious. They are more than inconsistent; they are mutually exclusive. They cannot both be given effect as defining the result of the final step in the grievance process.[5]

Before courts will require parties to submit to an alternative dispute resolution procedure, it must be shown that an enforceable agreement exists. *Team Design v. Gottlieb*, 104 S.W.3d 512, 517 (Tenn. Ct. App. 2002). "When the parties agree to arbitrate, they are bound by the terms of that arbitration provision." *D & E Const. Co., Inc. v. Robert J. Denley Co., Inc*., 38 S.W.3d 513, 518 (Tenn.2001). But, "[b]ecause '[a]rbitration is a matter of contract[,] . . . a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Rosenberg v. BlueCross BlueShield of Tennessee, Inc.*, 219 S.W.3d 892, 903 (Tenn .Ct.App. 2006) (quoting *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)).

---

[4]The only reason we felt the need to explain why we are relying on the Agreement in the record herein, which is the procedure we must follow, is the confusion discussed earlier in this opinion regarding apparently different provision on another subject. No one has suggested there is another or different version of the grievance procedure, including Step 4.

[5]Although the agreement in *Lawrence County* was interpreted as providing for an arbitrator's recommendation to the school board, we do not know the exact language of that agreement and, for example, whether it also purported to provide for "binding" arbitration resulting in arbitrator's recommendation. In that case, the parties agreed that the arbitrator's decision was advisory only, not binding, and subject to approval or disapproval of the board. Herein, the parties disagree as to the meaning of Step 4 of the grievance procedure.

Whether the parties have agreed to be bound by the result of a dispute resolution process in an agreement is simply a question of contract interpretation. The question of interpretation of a contract is a question of law. *Guiliano v. Cleo, Inc*, 995 S.W.2d 88, 95 (Tenn. 1999). Our review of conclusions on questions of law is *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d).

In *Johnson*, we concluded that the language of Step 4 of the grievance procedure was irreconcilable and, therefore, the parties had not reached agreement. Without any "meeting of the minds of the parties in mutual assent to the terms . . . ," there can be no enforceable contract. *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001).

Based upon the reasoning and analysis set out in the opinion in *Wilson County Board of Education v. Wilson County Education Association and Steve Johnson*, we conclude that the parties in this case did not reach a meeting of the minds with regard to the procedures that would result in a final resolution of disputes relating to grievances under the locally negotiated agreement herein. Accordingly, we affirm the trial court's judgment declaring that the Wilson County Board of Education was not required to submit Mr. Repsher's grievance to an arbitrator.

## CONCLUSION

We affirm the judgment of the trial court. Costs of this appeal are to be divided equally between the appellants, as a group, and the appellee.

_____
PATRICIA J. COTTRELL, JUDGE