HENRY A. WILLIAMS et al.

*v.*

MCMINN COUNTY, TENNESSEE.

352 S. W. 2d 430.

(*Knoxville,* September Term, 1961.)

Opinion filed December 8, 1961.

CHARLES C. GUINN, Etowah, for plaintiffs in error.

DAVID M. PACK, Assistant Attorney General, for defendant in error.

Mr. Justice Dyer delivered the opinion of the Court.

In order to make this opinion more readable the plaintiffs in error, Henry A. Williams and wife, Nell Williams will be referred to as Defendants, and defendant in error, McMinn County, Tennessee as the County.

On December 14, 1959 the County filed a condemnation proceeding in the Circuit Court against various land owners, among them these Defendants, to condemn property for road purposes. This petition was filed under Chapter 216, Public Acts of 1959, Code Sections 23-1528 to 23-1541, inclusive. This case is Docket No. 8076.

The County in accordance with these statutes deposited in Court for damages to Defendants the sum of $4000.00, which Defendants came into Court and accepted.

On March 21, 1960 in this cause No. 8076 the County filed a "Supplemental Petition" in which they allege that by error a part of the description of property to be taken from Defendants was left out of the original bill. They, then described the part of the property left out being an easement over a 6 foot strip in order to provide a cut slope, and allege that the Defendants were on notice that this slope would be made when they accepted the $4000.00; that said sum was a reasonable and fair value for the property taken from Defendants, including this 6 foot easement.

It appears from the record the trial judge allowed the filing of this "Supplemental Petition," upon condition the County deposit the amount of additional damages to which the Defendants would be entitled; and strictly comply with Acts of 1959, Chapter 216.

The Defendants entered a motion to strike this "Supplemental Petition" on the grounds, (1) that at the March Term 1960 final decree was entered against them, divesting title out of them and vesting it in the County, and they have been paid the agreed amount; (2) that the Court allowed the filing of this petition upon condition the County deposit the amount of additional damages, which the County has not done.

On June 4, 1960 the Court sustained this motion to strike, from which action the County prayed an appeal to this Court, and same was granted, allowing 30 days to perfect said appeal.

On June 4, 1960 the County filed a new petition in the same Court against Defendants to condemn this 6 foot easement. This cause is Docket No. 9030.

Under this petition Docket No. 9030 "Notice" was given Defendants under date of June 6, 1960, that after five days the County or its lawful agents will go upon and use the property as provided by law. That on the first day of the July Term 1960 the County would move to appoint a jury of view.

To this action on the part of the County, Defendants filed, "ANSWER AND CROSS-PETITION OF DEFENDANT," (hereinafter in this opinion referred to as), "Cross-Petition."

In this ''Cross-Petition'' Defendants allege the facts already set out above in this opinion; also that the taking of this 6 feet for a slope will damage a building housing a machine shop to render it useless, and Defendants will be damaged in the sum of $15,000.00; they admit being the owners of this land.

Then Defendants allege the County is prosecuting a multiplicity of suits against them and pray that the County be ordered by mandamus to deposit this sum of $15,000.00 into Court; that if mistaken in this they pray for a temporary injunction prohibiting the County from going upon or using this land pending final decision as to the amount of damages.

Under the ''Cross-Petition'' the Court issued an alternative writ of mandamus requiring the County to pay into Court the sum of $15,000.00, or show cause why it should not do so; also the peremptory writ of injunction.

On June 30, 1960 the County filed a motion to strike the ''Cross-Petition,'' dissolve the injunction and quash the writ of mandamus.

On July 5, 1960 the Court entered the following order:

''During argument, Petitioner's Attorney stated to the Court that, Petitioner McMinn County, had not perfected its appeal and time for appeal had expired in the said former suit of *McMinn County, Tennessee v. Frank Bivens, Et. Als.,* No. 8076, in the Circuit Court of McMinn County, Tennessee; and moved the Court 'That said petitioner should be allowed to abandon its appeal to the Supreme Court of Tennessee, as to the Defendants, Henry A. Williams and Nell Williams, and that the petitioner's case as to them be dismissed.'

Thereupon, the Court sustained said motion, entering the Order therein, To-Wit:

"It is, therefore, ordered, adjudged and decreed by the Court that the Petitioner's prayer for appeal from the decision of this Court to the Supreme Court of Tennessee, be, and the same hereby is, declared to be abandoned, and the same, is accordingly, dismissed, and that so much of the Original Petition as relates to these defendants and their property be and is hereby dismissed, and the Petitioner will pay all costs of the cause incident to making these defendants parties hereto. This the 5th day of July, 1960. W. Wayne Oliver, Circuit Judge." To this action of the Court the Defendants excepted because the former Orders adjudged and entered of record more than thirty (30) days had become final law of the case.

"Thereupon defendants moved the Court to grant the Peremptory Writ of Mandamus to compel the County, its agents and servants, to deposit said sum of $15,-000.00 in this Court and cause for the use of the Defendants, as their damages for the property and property rights sought to be condemned. This motion was denied by the Court, to which Defendants excepted.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Answer and Cross-Petition filed by the Defendants, Henry A. Williams and Nell Williams, be, and the same is hereby stricken and dismissed, and the temporary injunction and writ of mandamus issued thereunder is, accordingly dissolved; and defendants will pay all costs of the cause incident to the filing of the Answer and Cross-Petition, to all of which the defendants excepted; and

prayed an appeal to the Supreme Court of Tennessee, sitting at Knoxville, and for thirty (30) days in which to file Appeal Bond or otherwise perfect their appeal, which prayer is in all things granted by the Court.''

The Defendants perfected their appeal from this order to Court, and in a published opinion, *Williams et ux. v. McMinn County,* 207 Tenn. 585, 341 S.W.2d 730, we held this appeal to be premature and remanded the cause.

Upon remand the County moved to take a voluntary non-suit.

The order granting the non-suit under date of March 13, 1961 is as follows:

''Came the Attorney for the Plaintiff, McMinn County, Tennessee, and moved the Court to grant it a Voluntary non-suit; to which the Defendants, Henry A. Williams and wife Nell Williams, by Attorney, objected for the reasons that said motion for non-suit comes too late in the case after the former proceedings, orders, exceptions, and counter-claim of the defendants to recover from the plaintiff actual and incidental damages to their property and property rights condemned.

''And the Court having considered said motion, with the arguments of counsel, upon the entire record, including the Procedendo from the Supreme Court of Tennessee, and is of opinion that the motion is well taken, and it is accordingly sustained. It is therefore ordered and adjudged by the Court that Plaintiff be granted a non-suit; and that the suit be accordingly dismissed, at the costs of plaintiff, McMinn County.

"To the action of the Court in sustaining said motion and dismissing the suit, over the objections of defendants, the defendants except, pray an appeal to the Supreme Court of Tennessee at Knoxville; and for thirty (30) days in which to file appeal bond or otherwise perfect said appeal, which prayer for appeal and time is granted by the Court. If the appeal is perfected, the Clerk will send up the original Exhibit A, being a map or specifications of the property described in the Petition to Condemn Land, as a part of the transcript."

It is this appeal by the Defendants now before this Court.

By their Assignments of error Defendants complain of the action of the Court, (1) in dismissing the "Cross-Petition," (2) in allowing the County to take a voluntary non-suit.

Upon the entry of the order June 4, 1960 in the original petition Docket No. 8076 striking the "Supplemental Petition" filed by the County all matters in this case between the parties were settled, since the title to property condemned was divested out of Defendants and vested in the County, and Defendants had been paid their agreed damages; except from the order striking the "Supplemental Petition" the County had prayed for and been granted an appeal.

Upon the failure of the County to perfect their appeal all matters at issue between the parties in the original petition Docket No. 8076 became final.

In their supplemental brief Defendants make the following statement:

"We think the controlling question upon this appeal is this: Can the condemner County disregard the new Act, Public Acts 1959, Chapter 216, and elect to condemn under Section 23-1401, et seq., T. C. A."

Since the substance of the "Cross-Petition" filed by Defendants in the cause Docket No. 9030 was to force the County to ascertain and deposit additional damages due Defendants before proceeding we feel the answer to this question is material to the issues as they have developed in this cause.

The last section of Chapter 216, Public Acts 1959, codified as T.C.A. sec. 23-1541 is as follows:

"Sections 23-1528—23-1541 are not intended to repeal any existing statute relating to eminent domain, but are intended to be an accumulative or supplementary method of acquiring property by eminent domain proceedings."

Under this section Chapter 216, Public Acts of 1959 are made accumulative or supplementary to other statutes and the County could elect to file condemnation proceedings under this act or any other statutes authorizing the County to file.

The County elected to file their petition, Docket No. 9030 under Sections 23-1401 et seq., Tennessee Code Annotated.

Section 23-1526, Tennessee Code Annotated is by express provision applicable to Chapters 14 and 15, Title 23, Tennessee Code Annotated.

■ In this statute the legislature uses the word "may" in regard to the condemner ascertaining the

damages and paying them into Court. The word "may" used in a statute ordinarily connotes discretion or permission and will not be treated as a word of command, unless there is something in the context of the subject matter of the statute under consideration to indicate that it was used in that sense. *Colella v. Whitt,* 202 Tenn. 551, 308 S.W.2d 369.

There is nothing in the context of this statute to indicate the word "may" was used other than in its ordinary meaning.

■ The County filing a condemnation proceeding under Sec. 23-1401 et seq., Tennessee Code Annotated would not be required to ascertain the damage due Defendants and pay same into Court, before they could proceed with their action.

The assignments of error directed to the action of the trial judge in striking the "Cross-Petition" are overruled.

The other assignments of error are directed to the action of the trial judge in allowing the County to take a voluntary non-suit.

Section 1311 of Title 20, T.C.A. provides:

"20-1311. Nonsuit before retirement of jury.—The plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants, but if the defendant has plead a setoff or counterclaim, the latter may elect to proceed on such counterclaim in the capacity of a plaintiff."

Section 1313 of Title 20, T.C.A. provides:

"20-1313.   Dismissal in nonjury trials.—If the trial is by the court instead of the jury, the nonsuit or dismissal provided for in secs. 20-1311 and 20-1312 shall be made before the cause is finally submitted to the court, and not afterwards."

■   These statutory provisions apply to proceedings under the laws of eminent domain. *Huff v. Department of Highways,* 3 Tenn. App. 277.

In *Brackin v. McGannon,* 137 Tenn. 207, 192 S.W. 922, 924, we find the following statement:

"There is a wide difference between requiring plaintiff to show good cause in support of his motion for a nonsuit, and in denying his motion where it appears that the granting of it would prejudice the rights of the defendant by depriving him of some right that he has (sic) become vested with during the pendency of the case, and which right he could not avail himself of in another suit growing out of the same matter."

■   At the time the County filed its motion for a voluntary non-suit the only step they had taken was to file their petition and give notice they would move for the appointment of a jury of view.

During the course of oral argument of this case it was stated the County had taken possession of the property in question.   In the brief filed for the County since the argument they deny there has been any taking, and further state they do not desire to make use of this property for highway purposes.   On this matter the record is silent.

If there has been any taking the Defendants have a remedy, Section 23-1423, Tennessee Code Annotated.

In the granting of the voluntary non-suit, we do not feel the rights of Defendants have been prejudiced.

It results all assignments of error are overruled and the judgment of the trial court affirmed.