IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 23, 2001 Session

## ROSE CONSTRUCTION, INC. v. RAINTREE DEVELOPMENT COMPANY, LLC

**An Appeal from the Chancery Court for Shelby County**
**No. 110162-1  Walter L. Evans, Chancellor**

---

**No.  W2000-01388-COA-R3-CV - December 31, 2001**

---

This is an arbitration case.  The plaintiff construction company agreed to construct the defendant developer's planned development project.  When disputes arose out of the parties' performance, they terminated the contract.  The parties then entered into arbitration.  The arbitration panel found in favor of the plaintiff for $974,068.00 plus interest, including a $250,000 award for attorney's fees.  The plaintiff filed an action in the chancery court, seeking confirmation of the award.  The defendant asked the chancery court to vacate the arbitration award.  The trial court vacated the entire award, finding that the arbitration panel exceeded its authority in awarding attorney's fees. The plaintiff construction company appeals.  We reverse, finding that the award of attorney's fees is authorized under the parties' contract, and remand the case for confirmation of the arbitration award *in toto*.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Reversed and Remanded.**

HOLLY K. LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Christopher M. Caputo, Michael I. Less, and Clifton M. Lipman, Memphis, Tennessee, for the appellant, Rose Construction, Inc.

Larry E. Parrish, Memphis, Tennessee, for the appellee, Raintree Development, LLC.

### OPINION

This is an appeal from the trial court's order vacating an arbitration award.  On January 29, 1996, Rose Construction, Inc. ("Rose"), and Raintree Development Company, LLC ("Raintree"), entered into a construction agreement under which Rose agreed to construct the Raintree Planned Development Project ("the project") in Collierville, Tennessee.  In Section 4.5.1 of the construction agreement, the parties agreed to arbitrate all controversies arising out of the contract "in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association"

("Arbitration Rules"). Rule L-6 of the Arbitration Rules provides that any award resulting from such arbitration may include "an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." The parties agree that Rule L-6 is incorporated into the contract by reference.

After work on the project was substantially completed, disputes arose between the parties regarding change orders, the quality of the workmanship, and payments due. On October 9, 1997, Raintree terminated the contract. On October 15, 1997, Rose notifed Raintree that Rose had terminated the contract on September 30, 1997 because of Raintree's failure to pay.

On October 29, 1997, Rose filed a demand for arbitration. On November 7, 1997, Rose filed suit against Raintree in the Shelby County Chancery Court to enforce a mechanic's lien it had previously filed. On November 26, 1997, Rose filed a motion to stay the litigation pending resolution of the previously filed arbitration demand. On August 11, 1998, despite Raintree's persistent attempts to resist arbitration, the trial court entered an order staying the litigation pending resolution of the arbitration proceedings.

On March 15, 1999, by certified letter, Rose notified Raintree that it intended to seek an award of attorney's fees under the Tennessee Prompt Pay Act. *See* Tenn. Code Ann. § 66-34-101, *et seq.* (1993 & Supp. 2001) ("The Act"). From March 29 to April 19, 1999, the arbitration panel[1] conducted the arbitration proceedings. At the arbitration hearing, Rose argued that it was entitled to attorney's fees under the Act because of Raintree's bad faith. On April 6, 1999, the arbitration panel entered an order permitting Rose to introduce evidence on that issue.

On June 21, 1999, the arbitration panel issued an award in favor of Rose. The panel ordered Raintree to pay Rose the following: (1) $789,068 for construction costs, (2) $60,000 for a pass-through claim of a Rose subcontractor, (3) $250,000 in attorney's fees under the Prompt Pay Act, and (4) pre-award and post-award interest at a rate of ten percent (10%). The arbitration panel also determined that Raintree was entitled to a credit of $125,000 for work remaining on the project, making the total amount awarded to Rose $974,068.00 plus interest.

On June 25, 1999, Rose filed a motion in chancery court for summary judgment and to confirm the award of the arbitration panel. On August 11, 1999, Raintree filed its own motion for summary judgment, arguing that the award should not be confirmed. On November 30, 1999, Raintree filed a memorandum with the chancery court arguing, *inter alia*, that the arbitration award should be vacated in its entirety because the arbitration panel exceeded its authority in awarding attorney's fees.

On the same date, November 30, 1999, the trial court conducted a hearing on whether to confirm or vacate the award of the arbitration panel. At the hearing, the trial judge stated that "this court in reading [*Arnold v. Morgan Keegan & Co.*, 914 S.W.2d 445 (Tenn. 1996),] is satisfied that

---

[1] The panel members were Lewis H. Conner, Jr., David K. Taylor, and Edwin Rodgers.

the court cannot vacate an award due to an error of law or error of fact or because it disagrees with the arbitrators." The trial court then expressed its intent to "on its own motion modify the award to exclude the award of attorney's fees. And the Court will confirm all the other aspects of the award." However, no order was entered as a result of that hearing.

Thereafter, the trial court sent counsel for the parties its proposed findings of fact and conclusions of law. On March 3, 2001, the trial court conducted a hearing to address the comments and concerns of the parties on the proposed findings. Subsequently, on March 30, the trial court issued an Order and a detailed Memorandum of Law, changing its original position and vacating the entire arbitration award. In its Memorandum, the trial court found that the parties had entered into a valid arbitration agreement, but that "[t]here is no basis or foundation in the enumerated language of the contract which allows for the award of attorney fees in the event of arbitration." The trial court therefore held that the award of attorney's fees to Rose "goes outside and beyond the arbitration agreement" itself. With respect to Rose's assertion that the Prompt Payment Act authorized such relief, the trial court found that the Act applied "only in a 'chancery court' lawsuit," and that the Act was "<u>clearly not applicable</u>" in arbitration proceedings. (Emphasis in original). Moreover, the trial court held that Tennessee Code Annotated § 29-5-31 prohibits the award of attorney's fees in arbitration proceedings unless such relief is provided for in the arbitration agreement. Finally, the trial court held that Raintree's due process rights were violated because Raintree was not given sufficient notice of Rose's intent to seek attorney's fees, and because the arbitration panel failed to issue a ruling before the commencement of the hearing that Rose was entitled to seek attorney's fees. The trial court then vacated the entire arbitration award because "[t]he award of attorney fees under the Prompt Pay Act by the arbitrators constituted more than just a mere error in construing the prevailing law, but was a complete failure to apply the law or the contract." From this order, Rose now appeals.

Tennessee has adopted the Uniform Arbitration Act, Tennessee Code Annotated § 29-5-301 *et seq.* (2001) which governs the scope of our review. *See D & E Constr. Co. v. Robert J. Denley Co.*, 38 S.W.3d 513, 518 (Tenn. 2001); *Arnold v. Morgan Keegan & Co.*, 914 S.W.2d 445, 448 (Tenn. 1996). The role of the trial and appellate court in reviewing the decision of an arbitrator is quite limited. The decision of the arbitration panel will be set aside "only in very unusual circumstances." *Arnold*, 914 S.W.2d at 448 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). Under *Arnold*, the court is required to utilize a "deferential" standard of review. The court is "not permitted to consider the merits of an arbitration award even if the parties allege that the award rests on errors of fact or misrepresentations of the contract." *Id.* at 450. We must accept the facts as determined by the arbitration panel unless we find that those facts are clearly erroneous, and legal issues should be reviewed "in a manner designed to minimize the interference with an efficient and economical system of alternative dispute resolution." *Id.*

Under the Uniform Arbitration Act, the trial court may vacate the award of the arbitration panel if, among other reasons, "the arbitrators exceeded their powers" in making the award. Tenn. Code Ann. § 29-5-313(a)(3). "Arbitrators exceed their powers when the issue that they decide is not within the scope of the agreement to arbitrate." *D & E Constr.*, 38 S.W.3d at 518. The trial court may modify or correct the award when "[t]he arbitrators have awarded upon a matter not submitted

to them and the award may be corrected without affecting the merits of the decision upon the issues submitted." Tenn. Code Ann. § 29-5-314; *see D & E Constr.*, 38 S.W.3d at 518.

Under Tennessee law, generally, the prevailing party may not recover attorney's fees incurred in arbitration unless the parties' contract provides for such recovery. *See D & E Constr.*, 38 S.W.3d at 519-20. In this case, the parties dispute whether their contract provides for such recovery.

The trial court below found that the parties' contract contained no provision regarding attorney's fees. However, Section 4.5.1 of the contract incorporates by reference Rule L-6 of the Arbitration Rules. As noted above, Rule L-6 provides that an arbitration award may include "an award of attorneys' fees if . . . it is authorized by law or [the parties'] arbitration agreement." On appeal, Rose argues that attorney's fees in this case are "authorized by law" under the Prompt Pay Act, Tennessee Code Annotated § 66-34-602(b). Generally, the Act provides for certain remedies to owners, contractors, and subcontractors arising out of the nonpayment for services rendered. *See* Tenn. Code Ann. § 66-34-602; *see also Wasco, Inc. v. R. P. Indus.*, No. 01-A-01-9407-CH00343, 1994 WL 706663, at*3 (Tenn. Ct. App. Dec. 21, 1994) (holding that § 66-34-602(b) provides for attorney's fees for the prevailing party in construction disputes). With respect to attorney's fees, the Act states that "[r]easonable attorney's fees may be awarded against the nonprevailing party; provided that such nonprevailing party has acted in bad faith." Tenn. Code Ann. § 66-34-602(b).

In this case, the arbitration panel held that it was authorized under the contract by Rule L-6 to include attorney's fees in its award. The panel found that Raintree had acted in bad faith and, based on this finding, concluded that Rose was entitled to recover attorney's fees under the Act. The panel found that, because Rose was entitled to recover under the Act, its entitlement to attorney's fees was "authorized by law," and consequently, attorney's fees were recoverable under the arbitration contract.

Raintree argues that the recovery of attorney's fees is not authorized by the incorporation of Rule L-6 into the contract. Raintree asserts that the issue is governed by Tennessee Code Annotated § 29-5-311, not the Prompt Pay Act, because the statutes are inconsistent and §29-5-311 more specifically addresses the issue of attorney's fees in arbitration proceedings. Section 29-5-311 provides: "Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." Tenn. Code Ann. § 29-5-311. In *D & E Construction*, the Tennessee Supreme Court interpreted this statute as meaning "clearly and unambiguously that attorney's fees are *not* to be awarded for work performed in arbitration proceedings absent the parties' understanding to the contrary." *D & E Constr.*, 38 S.W.3d at 519 (emphasis in original). Raintree argues that the reasoning used by the arbitration panel, and argued on appeal by Rose, is circular: Rule L-6 allows for the recovery of attorney's fees where authorized by law, but the applicable law (§ 29-5-311) allows for the recovery of attorney's fees if they are provided for in the contract. Thus, Raintree claims, Rose's claim to attorney's fees under Rule L-6 is untenable.

-4-

After review of the statutes, we find that § 29-5-311 and § 66-34-602(b) are not inconsistent. Rather, § 29-5-311 effectively restates part of the language in Rule L-6 which, consistent with Tennessee case law, provides that attorney's fees are available in arbitration proceedings if such recovery "is authorized by . . . the arbitration agreement." "Contractual terms should be given their ordinary meaning . . . and should be construed harmoniously to give effect to all provisions and to avoid creating internal conflicts." *Wilson v. Moore*, 929 S.W.2d 367, 373 (Tenn. Ct. App. 1996). Therefore, giving effect to § 29-5-311 is consistent with the terms of the contract and does not operate to negate the effect of § 66-34-602(b).

Under Rule L-6, we must now determine whether the recovery of attorney's fees in this case was "authorized by law" and, thus, allowable under the contract. This Court has recognized that § 66-34-602(b) of the Prompt Pay Act "specifically provides for [attorney's fees] against the nonprevailing party in a dispute of this kind." *Wasco*, 1994 WL 706663, at*3. *Wasco* involved an arbitration proceeding over payments for construction work. *Wasco* held that § 66-34-602 was a part of the original contract, and that the prevailing party was entitled to fees under that statute. The Court reasoned that "[l]aws affecting either the construction, enforcement or discharge of a contract which subsist at the time and place of the making of a contract and where it is to be performed, enter into and form a part of it as fully as if they had been expressly referred to or incorporated in its terms." *Id.* The arbitrator's award of fees was therefore upheld under the Act, even though there was no explicit finding of bad faith. The *Wasco* court stated that, in light of the deference to be afforded an arbitration award, it should be presumed that the arbitrator had found that the nonprevailing party had acted in bad faith. *Id.*

Thus, since the arbitration panel in this case expressly found that Raintree acted in bad faith, Rose is in a stronger position to recover under the Act than the prevailing party in *Wasco*. After a thorough review of the record, we must conclude that the panel's finding of bad faith was not clearly erroneous. Therefore, Rose's recovery for attorney's fees is authorized by law under § 66-34-602(b). The parties contractually agreed that attorney's fees could be awarded if such recovery was authorized by law. Consequently, the arbitration panel did not exceed its authority in including attorney's fees in its award.

The trial court found that the Prompt Pay Act was inapplicable because actions under the Act can only be brought in a chancery court. Section 66-34-602(a)(3) provides that the party seeking recovery under the Act "may, in addition to all other remedies available at law or in equity, sue for equitable relief, including injunctive relief, for continuing violations of this chapter, in the chancery court of the county in which the real property is located." Tenn. Code Ann. § 66-34-602(a)(3) (emphasis added). Thus, the language is permissive rather than mandatory. This is in contrast to *Vanderheyden v. Ajay, Inc.*, No. 02A01-9803-CH-00070, 1999 WL 562716 (Tenn. Ct. App. Aug. 2, 1999), in which this Court held that an agreement to arbitrate disputes over the owner's refusal to pay the retainage was unenforceable. The statute at issue in that case mandated that "the contractor . . . shall seek any remedy in a court of proper jurisdiction." *Vanderheyden*, 1999 WL 562716, at *4 (quoting Tenn. Code Ann. § 66-11-144(d) (emphasis added)). In the instant case, the Prompt Payment Act states merely that an aggrieved party "may" sue for relief in chancery court.

*See Williams v. McMinn County*, 352 S.W.2d 430, 433 (Tenn. 1961) (recognizing that the term "may" in a statute connotes discretion or permission); *Gabel v. Lerma*, 812 S.W.2d 580, 582 (Tenn. Ct. App. 1990) (noting that "shall" in a statute means mandatory); *see also Board of County Comm'rs v. Taylor*, No. 93-1490-I, 1994 WL 420922, at *4 (Tenn. Ct. App. Aug. 12, 1994) (comparing the different meanings of "may" and "shall" in statutes). Thus, a suit in chancery court is not the exclusive remedy for recovery of attorney's fees under the Act.[2]

The trial court also found that Raintree's due process rights were violated. Assuming *arguendo* that due process considerations are implicated in a dispute between private parties, we must conclude that any due process rights of Raintree in these proceedings were well protected. Almost two weeks prior to the arbitration proceeding, Rose sent Raintree a certified letter stating its intention to seek fees under the Prompt Payment Act. Raintree was also notified by the arbitration panel that Rose sought attorney's fees under the Act when the panel agreed to hear evidence from Rose on the issue. From a review of the transcript of the proceedings, Raintree was put on sufficient notice that Rose would be offering proof of its expenses but that the arbitration panel would defer ruling on the issue of whether it would award those amounts. The arbitration panel found that the notice Rose gave was adequate, and that finding is not clearly erroneous. Raintree never requested a continuance to prepare a defense on this issue, and it stipulated that it was not prejudiced by any failure to receive earlier notice. Under these circumstances, the trial court's finding on this issue must be reversed.

Finally, we note that the facts in this case are distinguishable from those in *D & E Construction*. In that case, the contract clearly precluded an award of attorney's fees in arbitration proceedings. *D & E Constr.*, 38 S.W.3d at 519. In the instant case, however, because the contract incorporates by reference Rule L-6, the arbitration panel is authorized by the contract to award attorney's fees. Therefore, we need not reach the issue of severability.[3]

Therefore, the order of the trial court vacating the arbitration award is reversed. The arbitration award must be confirmed in its entirety, and the cause is remanded for this purpose.

---

[2] A contrary finding on this issue would require this court to also find that the entire arbitration proceeding below was effectively "preempted" by the Prompt Pay Act, because suits for recovery of payments on construction contracts would have to be brought in chancery court, the court of exclusive jurisdiction. Neither party takes this position, because the result would be that arbitration agreements in all construction contracts would essentially be unenforceable. For this additional reason, we reject the position of Raintree and the trial court that suits to recover under the Prompt Pay Act must be brought in chancery court.

[3] Raintree devotes a significant part of its brief arguing that the trial court erred in staying the court proceedings pending arbitration. This court has twice rejected appeals based on that argument, first in an order dated August 21, 1998, and again in an order dated August 24, 2000. In both orders, we recognized that an order compelling arbitration is not appealable as of right, and we declined to entertain Raintree's appeal of that issue. *See* Tenn. Code Ann. § 29-5-319; *see also Southeast Drilling and Blasting Servs., Inc. v. BRS Constr. Co.*, No. 01A01-9706-CH-00272, 1997 WL 399387, at *2 n.4 (Tenn. Ct. App. July 16, 1997) (recognizing that an order compelling arbitration is not appealable as of right). Therefore, we decline to address the propriety of the trial court's ruling compelling arbitration under the circumstances of this case.

The decision of the trial court is reversed and remanded for further proceedings consistent with this Opinion. Costs are taxed to Appellee, Raintree Development Company, LLC, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE