IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 24, 2008 Session

## MOORE & ASSOCIATES, INC. v. METROPOLITAN BOARD OF ZONING APPEALS

Appeal from the Circuit Court for Davidson County
No. 02C-613    Barbara Haynes, Judge

No. M2007-02078-COA-R3-CV - Filed August 22, 2008

Zoning administrator denied a waiver of the Metropolitan Zoning Code's landscape buffer requirement and the Board of Zoning Appeals upheld the administrator's interpretation of the ordinance. Plaintiff contractor appealed to the circuit court, which determined that the zoning administrator's interpretation of the ordinance was incorrect and granted the waiver. The Board of Zoning Appeals appealed. The trial court's interpretation of the ordinance is affirmed, but the decision to grant the waiver is vacated, and the case is remanded to the trial court with instructions to return the matter to the board for further action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed in Part and Vacated in Part**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., joined. PATRICIA J. COTTRELL, P.J., M.S., not participating.

J. Brooks Fox and Elizabeth A. Sanders, Nashville, Tennessee, for the appellant, Metropolitan Board of Zoning Appeals.

Eugene N. Bulso, Jr., Nashville, Tennessee, for the appellee, Moore & Associates, Inc.

## OPINION

Moore and Associates, Inc. contracted in March 2000 to build a hotel, the Hilton Garden Inn, on Royal Parkway in Nashville, Tennessee. In accordance with the Metropolitan Zoning Code, the original hotel plans called for a landscape buffer yard. The Hilton property sloped downward from the adjacent property to the south. The original plans called for the removal of approximately 40 feet of soil and rock in order to level out the Hilton's property. This created a nearly vertical embankment, which was to be held in place by a vertical wall. There appears to be some disagreement between the parties as to whether any portion of the buffer yard was to be placed atop the wall.

During construction, a mud seam was discovered which, Moore and Associates claim, made the planned vertical wall "unsafe and impractical." With the apparent approval of the building inspector and without seeking any approval from the zoning authorities to amend the original plans, Moore and Associates constructed a wall that begins by sloping slightly toward the adjacent property. About halfway to its height of approximately 39 feet, the wall turns and makes a gentler slope to the top, ending near the property line.

In September 2001, Moore and Associates requested a waiver of the landscape buffer requirement. The zoning administrator, Mr. West, denied the request. The denial was appealed to the Board of Zoning Appeals. A hearing was held on January 3, 2002, and an order was issued January 9, 2002, holding: "The appellant DID NOT carry the burden of proof that the Board should overturn the zoning administrator in his decision concerning [the] interpretation of Section 17.24.240G."

Moore and Associates filed a writ of certiorari in circuit court on March 4, 2002, challenging the decision of the Board of Zoning Appeals. The case was stayed pending a ruling in a related case in chancery court regarding a variance. In July 2007, the circuit court reversed the decision of the Board, finding that "there has been a misapplication of a legal standard based upon the zoning administrator's interpretation of Chapter 17.24.240(G). The zoning administrator's interpretation of Chapter 17.24.240(G) . . . is not supported by the language of that ordinance." The trial court granted the waiver. The Metropolitan Government Board of Zoning Appeals appealed.

Standard of Review

Under the common law writ of certiorari, the reviewing court must examine whether the municipal agency's action is illegal, in excess of its jurisdiction, arbitrary or capricious. *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990). In doing so, the court determines whether there is any material evidence that supports the action of the administrative agency. *Laidlaw Envtl. Servs. of Nashville, Inc. v. Metro. Bd. of Health for Nashville and Davidson County*, 934 S.W.2d 40, 49 (Tenn. Ct. App. 1996). Sufficiency of evidence is a question of law; thus, we review the trial court's decision de novo with no presumption of correctness. *Lafferty v. City of Winchester*, 46 S.W.3d 752, 759 (Tenn. Ct. App. 2000). Courts must not "reweigh the evidence or scrutinize the intrinsic correctness of the decision," *Demonbreun v. Metro. Bd. of Zoning Appeals*, 206 S.W.3d 42, 46 (Tenn. Ct. App. 2005), but independently review the record to ensure "it contains 'such relevant evidence that a reasonable mind might accept as adequate to support a rational conclusion.'" *Lafferty*, 46 S.W.3d at 759 (quoting *Hedgepath v. Norton*, 839 S.W.2d 416, 421 (Tenn. Ct. App. 1992)).

The Ordinance

Metro Code § 17.24.240G states:

Landscape buffer yard requirements may be waived by a demonstration of unusual site grade conditions which would clearly negate the effects of the required yard. The applicant shall furnish sections or profiles (drawn to scale) through the property line along the yard which is proposed for waiver. These drawings shall demonstrate the existing and proposed grades on both sides of the property line, as well as the principal structures on both properties. The sections or profiles shall show the line of sight for a pedestrian (taken at four and one-half feet above grade) from principal entrances and from the highest point on the site to be buffered. Such profiles or sections shall clearly demonstrate that the effect of the change in grade would negate the effect of a mature landscape buffer yard thirty feet in height.

Mr. West, the zoning administrator, explained his interpretation of § 17.24.240G to the Zoning Board:

The applicant in this case requested that the waiver be granted and at the time of his request, I read that Section to mean it [sic] that you would be basically going, falling off in the other direction because it talks about the highest point on the site to be buffered, [sic] That if — when you measure it on the highest point on the site to be buffered, and put the buffer yard on the applicant site that it would do not [sic] good; in other words, it would be falling the other way rather than going up from his site to the neighbor and from that the applicant took exception to my interpretation and filed his case.

Mr. West apparently viewed the regulation as allowing a waiver of the buffer yard requirement only when the property to be buffered is higher than the adjacent property — the exact opposite of the situation presented in this case.

Rules of statutory construction apply to local ordinances. *Jordan v. Knox County*, 213 S.W.3d 751, 763 (Tenn. 2007). When statutory language is clear and unambiguous, courts must apply its plain meaning without any forced interpretation that would limit or expand the statute's application. *Id.* There is nothing in § 17.24.240G that states or implies the regulation should be applied as Mr. West suggested. We concur with the trial court that Mr. West's interpretation is inconsistent with the language of the ordinance.

The trial court granted the waiver because of the Board of Zoning Appeal's error in approving Mr. West's interpretation. Doing so was a natural reaction in which the court sought to end litigation that had gone on far too long. We, however, must disagree with the trial court's action. Under § 17.24.240G, a waiver is not automatic even if there is a demonstration of unusual site-grade

conditions which would clearly negate the effects of the required yard. The word "may" ordinarily dicates discretion or permission. *Williams v. McMinn County.*, 352 S.W.2d 430, 433 (Tenn. 1961); *Harlan v. Soloman*, No. M2006-01419-COA-R3-CV, 2007 WL 4553009, *2 (Tenn. Ct. App. Dec 26, 2007) (no Tenn. R. App. P. 11 application filed). The word "may" will not be given a mandatory meaning unless there is something in the statute that indicates it was used in that sense. *Williams*, 352 S.W.2d at 433. Nothing in the ordinance at issue requires "may" to be read in a mandatory sense. The trial court's grant of the waiver under these circumstances usurps the board's discretionary authority. For example, the ordinance contains conditions that must be met. The board did not reach a decision on these matters since it was not necessary to do so when it approved Mr. West's erroneous interpretation of the ordinance. Therefore, we vacate the trial court's issuance of the waiver and remand the case to the trial court with instructions to return the case to the Board of Zoning Appeals for further action consistent with this opinion.

Costs of appeal are assessed equally against the appellant, Metropolitan Government Board of Zoning Appeals, and the appellee, Moore and Associates, Inc.

_____
ANDY D. BENNETT, JUDGE