IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 8, 2016 Session

## DAVID W. ANDERSON v. EDWARD POLTORAK ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 13-C382      Joseph P. Binkley, Jr., Judge**

_____

**No. M2015-02512-COA-R3-CV – Filed January 17, 2017**

_____

This appeal arises from a civil action in which the jury returned a verdict in favor of Plaintiff for injuries sustained in a motor vehicle accident. Defendants appeal contending the trial court committed reversible error by limiting their impeachment of Plaintiff regarding three felony convictions. After applying the balancing test under Tennessee Rule of Evidence 403 to determine if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, the trial court allowed Defendants "to question the plaintiff about whether he has been convicted of three felonies" but barred any questions about "the details regarding the nature of the convictions, types of convictions or the facts and circumstances surrounding the convictions." The dispositive issue is whether a party to a civil action has an absolute right under Tennessee Rule of Evidence 609 to impeach a witness with evidence of prior felony convictions including the details regarding the nature of his convictions, the types of convictions, or the facts and circumstances surrounding the convictions. Defendants contend the evidence was admissible as a matter of right under Tennessee Rule of Evidence 609; therefore, the trial court did not have the discretion to conduct a balancing test under Tennessee Rule of Evidence 403. Having determined that the trial judge had the discretion to conduct a balancing test under Tennessee Rule of Evidence 403 and that the court did not abuse its discretion in limiting the scope of Defendants' impeachment of Plaintiff, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Alan M. Sowell and Michelle Denise Reid, Nashville, Tennessee, for the appellants, Edward Poltorak and National Retail Systems, Inc.

Brian P. Dunigan, Goodlettsville, Tennessee, for the appellee, David W. Anderson.

# OPINION

This litigation arose from an automobile accident that occurred on February 11, 2012, involving David Anderson ("Plaintiff") and Edward Poltorak, who was driving an 18-wheeler at the time of the crash for National Retail Systems, Inc. d/b/a/ Keystone Freight Corporation. On January 28, 2013, Plaintiff filed suit against Mr. Poltorak and his employer (collectively "Defendants") alleging that he received personal injuries and damages as a result of Mr. Poltorak's failure to yield the right of way at the intersection. Defendants denied liability and claimed that Plaintiff ran the light.

In preparation for trial, Defendants filed a motion in limine to impeach the credibility of Plaintiff by presenting evidence of his three prior felony convictions: receipt of child pornography, possession of child pornography, and transporting obscene matter. In response to Defendants' motion, Plaintiff argued that the felony convictions would be of "very marginal relevance to credibility," and should be excluded because the probative value of the convictions is substantially outweighed by the danger of unfair prejudice to Plaintiff.

Following a hearing on the motion, the trial court held that, although Plaintiff's three felony convictions met the criteria for use of impeachment evidence, the probative value of the convictions would be substantially outweighed by the danger of unfair prejudice to Plaintiff because "a juror learning about the child pornography convictions would be unavoidably angry, offended and motivated to punish the plaintiff, irrespective of the facts of this case." Based on these concerns, the trial court ruled that Defendants would be allowed "to question the plaintiff about whether he has been convicted of three felonies," but barred any questions about "the details regarding the nature of the convictions, types of convictions or the facts and circumstances surrounding the convictions." The trial court's order reads, in pertinent part, as follows:

1. The plaintiff's three (3) felony convictions meet the two criteria set forth in Rule 609 [of the Tennessee Rules of Evidence] for use as impeachment evidence because the plaintiff was imprisoned for a total of 21 months (*see* Rule 609(a)(2) ("The crime must be punishable by death or imprisonment in excess of one year under the law under which the witness was convicted. . . [.]")) and less than ten (10) years have elapsed between the date of release and commencement of this action (*see* Rule 609(b) ("Evidence of conviction under this rule is not admissible if a period of more than ten years has elapsed between the date of release from confinement and commencement of the action. . . [.]")).

2. The balancing tests found in Rule 609 at sections (a)(3) and (b) do not apply to the circumstances of the plaintiff's convictions.

a. The Rule 609(a)(3) balancing test only applies to the accused in a criminal case. *See* Rule 609(a)(3) ("If the witness to be impeached is the <u>accused in a criminal prosecution</u> . . . the court upon request must determine that the conviction's probative value on credibility outweighs its unfair prejudicial effect on the substantive issues") (emphasis added).

b. The Rule 609(b) balancing test only applies if the witness was not confined or more than 10 years have elapsed since the date of release. *See* Rule 609(b) ("Evidence of a conviction under this rule is <u>not admissible</u> if a period of more than ten years has elapsed between the date of release from confinement and commencement of the action or prosecution; if the witness was <u>not confined</u>, the ten-year period is measured from the date of conviction rather than release. Evidence of a conviction not qualifying under the preceding sentence <u>is admissible if</u> . . . the court determines in the interest of justice that the probative value of the conviction . . . substantially outweighs its prejudicial effect.")).

3. The balancing test found in Rule 403 [of the Tennessee Rules of Evidence] applies to this case.

a. In making this finding, the Court relies on the Advisory Commission Comment to Rule 609 which states as follows: "For witnesses not covered by 609(a)(3), the balancing test is different. Rule 403 applies, and a conviction would be admissible to impeach unless 'its probative value is substantially outweighed by the danger of unfair prejudice' or other criteria listed in that rule." The only witness covered by Rule 609(a)(3) is "the accused in a criminal prosecution;" therefore, Rule 403 balancing necessarily applies to all witnesses who are not the accused in a criminal prosecution, including a witness in a civil case. *See also* Neil P. Cohen et al., <u>Tennessee Law of Evidence</u> § 6.09[5][a] ("For impeachment of a witness in a civil case. . . the Tennessee rule [609] is silent. . . . [however] the Advisory's Commission's Comment to Tennessee Rule 609 states the correct test. <u>The balancing test under Rule 403 is to be used</u>") (emphasis added).

b. In this case, the witness to be impeached with the three (3) felony convictions is a plaintiff in a civil case as opposed to the accused

in a criminal prosecution; therefore, Rule 403 balancing applies to the plaintiff's convictions.

4. Applying the balancing test found in Rule 403, the probative value of the three (3) felony convictions regarding child pornography are substantially outweighed by danger of unfair prejudice to the plaintiff.

   a. There is very little probative value in the three felony convictions because they do not arise out of this case nor are they related in any way to this case. The convictions are being used for impeachment purposes only under Rule 609.

   b. The Court further agrees with the plaintiff that a juror learning about the child pornography convictions would be unavoidably angry, offended and motivated to punish the plaintiff, irrespective of the facts of the present case.

   c. The result is that the probative value is substantially outweighed by the danger of unfair prejudice to the plaintiff.

5. The Court, however, will allow the defendants to question the plaintiff about whether he has been convicted of three felonies. The defendant cannot question the plaintiff about the details regarding the nature of the convictions, types of convictions or the facts and circumstances surrounding the convictions. The Court finds this is an appropriate balance between outright exclusion of the convictions and the unfair prejudice suffered by the plaintiff if the circumstances of the convictions were presented to the jury. "One of the trial court's essential responsibilities is to control the flow of evidence to the jury by ruling on the admissibility of evidence, controlling the order of the proof, and determining the scope of examination of the witnesses. A trial court has a wide degree of latitude in making these decisions." *Overstreet v. Shoney's Inc.*, 4. S.W.3d 694, 702 (Tenn. Ct. App. 1999).

   It is therefore **ORDERED** that the defendants Motion in [L]imine is granted in part and denied in part.

(Emphasis in original).

Plaintiff admitted to having been convicted of three felonies during both direct and cross-examination. In accordance with the trial court's order, Plaintiff was not questioned as to the details regarding the nature of the convictions, types of convictions, or the facts and circumstances surrounding the convictions.

- 4 -

As to the automobile accident, Plaintiff testified that he observed the light as he approached the intersection and that he was "one hundred percent" sure he had the green light, and thus the right of way, when the 18-wheeler driven by Mr. Poltorak collided with his vehicle. In addition to Plaintiff's own testimony, he offered in-court testimony from witness Robert Carpenter and deposition testimony from Lanesha Brown, both of whom testified that Plaintiff had the right of way. Mr. Poltorak was barred from testifying during trial due to his refusal to participate in discovery. Defendants offered no other evidence to support their position that Mr. Poltorak had the green light instead of Plaintiff.

Plaintiff further testified as to injuries he suffered as a result of the collision, including lower-back problems, which Plaintiff stated continued to trouble him at the time of trial. Plaintiff also presented deposition testimony from Dr. Robert Landsberg, who testified as to Plaintiff's medical treatment, physical exam findings, and injuries caused by the collision. Dr. Landsberg testified that Plaintiff's lower-back injury was permanent and that Plaintiff would continue to suffer painful symptoms for the rest of his life. Dr. Landsberg also testified that Plaintiff had incurred charges for reasonable and necessary medical treatment totaling $15,153.

At the conclusion of trial, the jury returned a verdict finding Defendants 100% at fault and awarded Plaintiff damages in the amount of $30,533.00. Defendants filed a motion for a new trial on the grounds that Tennessee Rule of Evidence 609 required the trial court to admit evidence of Plaintiff's convictions in their entirety. The trial court denied the motion on November 16, 2015, and Defendants timely filed this appeal.

On appeal, Defendants do not dispute that the probative value of Plaintiff's convictions is substantially outweighed by the danger of unfair prejudice to Plaintiff and would be inadmissible pursuant to Tennessee Rule of Evidence 403.[1] Instead, Defendants argue that the trial court had no discretion to conduct a balancing test under Rule 403 to "override" Rule 609. Stated another way, Defendants insist that the trial court incorrectly interpreted Rule 609.

## STANDARD OF REVIEW

Interpretation of the Tennessee Rules of Evidence is a question of law, which we review de novo with no presumption of correctness. *Holder v. Westgate Resorts Ltd.*, 356 S.W.3d 373, 379 (Tenn. 2011). Decisions regarding the admission or exclusion of evidence are generally entrusted to the sound discretion of the trial court, *White v. Beeks*,

---

[1] In fact, at the oral argument for this matter, Defendants' attorney acknowledged that the convictions are "highly prejudicial," which is why they wanted the jury to hear the details.

- 5 -

469 S.W.3d 517, 527 (Tenn. 2015), and discretionary decisions are reviewed pursuant to the "abuse of discretion" standard of review. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

ANALYSIS

The dispositive issue is whether a party to a civil action has an absolute right under Tennessee Rule of Evidence 609 to impeach a witness with evidence of prior felony convictions, including the details regarding the nature of his convictions, the types of convictions, and the facts and circumstances surrounding the convictions, or whether the trial court has the discretion to conduct a balancing test under Tennessee Rule of Evidence 403 to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

Tennessee Rule of Evidence 609 provides, in pertinent part, as follows:

**(a) General Rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime *may be admitted* if the following procedures and conditions are satisfied:

. . .

(2) The crime must be punishable by death or imprisonment in excess of one year under the law under which the witness was convicted or, if not so punishable, the crime must have involved dishonesty or false statement.

(3) If the witness to be impeached is the accused in a criminal prosecution, the State must give the accused reasonable written notice of the impeaching conviction before trial, and the court upon request must determine that the conviction's probative value on credibility outweighs its unfair prejudicial effect on the substantive issues. . . .

**(b) Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed between the date of release from confinement and commencement of the action or prosecution; if the witness was not confined, the ten-year period is measured from the date of conviction rather than release. Evidence of a conviction not qualifying under the preceding sentence is admissible if the proponent gives to the adverse party sufficient advance notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence and the court determines

- 6 -

> in the interests of justice that the probative value of the conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect.

Tenn. R. Evid. 609 (emphasis added).

When called upon to construe a rule of evidence, our primary goal is to "effectuate the drafters' intent without broadening or restricting the intended scope of the rule." *Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013). "We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the words used." *Id.* (citing *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012)). We are to presume that every word has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re Estate of Tanner*, 295 S.W.3d 610, 614-15 (Tenn. 2009). When the language of the rule is clear, we apply the plain meaning without complicating the task. *Id.* at 615. However, when the statutory language is unclear, we may consider, among other things, the broader statutory scheme, the history and purpose of the legislation, public policy, historical facts preceding or contemporaneous with the enactment of the statute, earlier versions of the statute, the caption of the act, and the legislative history of the statute. *Pickard v. Tennessee Water Quality Control Bd.*, 424 S.W.3d 511, 518 (Tenn. 2013).

Applying the foregoing principles, we conclude that Tennessee Rule of Evidence 609 does not mandate the admission of crimes that come within the purview of Rule 609; to the contrary, Rule 609 gives the trial court the discretion to conduct a balancing test when determining the admissibly of evidence of a witness's prior convictions for impeachment purposes.

The plain language of Tennessee Rule of Evidence 609 contemplates that the trial court is to exercise discretion when admitting evidence of a witness's prior convictions for impeachment purposes. Specifically, the plain language of Rule 609 states that "[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime *may be admitted* if the . . . procedures and conditions" of the rule are satisfied. Tenn. R. Evid. 609 (emphasis added). "The word 'may' used in a statute ordinarily connotes discretion or permission and will not be treated as a word of command, unless there is something in the context of the subject matter of the statute under consideration to indicate that it was used in that sense." *Steppach v. Thomas*, 346 S.W.3d 488, 505 (Tenn. Ct. App. 2011) (quoting *Williams v. McMinn Cnty.*, 352 S.W.2d 430, 433 (Tenn. 1961)); *see also Baker v. Seal*, 694 S.W.2d 948, 951 (Tenn. Ct. App. 1984) ("Words or phrases which are generally regarded as making a provision mandatory include 'shall,' and 'must.' On the other hand, a provision couched in permissive terms is generally regarded as directory or discretionary. This is true of the word 'may,' or 'authorizes,' . . . ."). There is nothing in the context of Rule 609 to indicate the word 'may' was used other than in its ordinary meaning.

In addition to the rule's plain language, the history of Tennessee Rule of Evidence 609 supports our conclusion that the trial court retains discretion in admitting such evidence. The Tennessee Rules of Evidence became effective in 1990. *State v. Evans*, 838 S.W.2d 185, 194 (Tenn. 1992). Prior to the adoption of the rules of evidence, the Tennessee Supreme Court adopted Rule 609 of the Federal Rules of Evidence as the standard for witness impeachment with prior convictions. *State v. Morgan*, 541 S.W.2d 385, 38-39 (Tenn. 1976). Federal Rule of Evidence 609, as adopted by our Court, provided in pertinent part:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime *shall be admitted* if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

*Id*. (emphasis added).

However, when the Tennessee Rules of Evidence became the law in Tennessee, Federal Rule of Evidence 609 was superseded by Tennessee Rule of Evidence 609. As a consequence, the federal rule's mandatory language, "shall be admitted," was replaced by the Tennessee rule's discretionary language, "may be admitted."

Having decided Tennessee Rule of Evidence 609 gives the trial court discretion, we now consider whether the balancing test under Tennessee Rule of Evidence 403 is the appropriate test to be used when determining the admissibly of such evidence with respect to a witness in a civil case.

Tennessee Rule of Evidence 609 unambiguously identifies the appropriate balancing test to be used in three instances. The first is when the witness's prior convictions fall outside of Rule 609's ten-year time frame. *See* Tenn. R. Evid. 609(b). The second is when the witness to be impeached is the accused in a criminal proceeding. *See* Tenn. R. Evid. 609(a)(3). The third is only applicable to evidence of juvenile adjudications. *See* Tenn. R. Evid. 609(d). With respect to a witness in a civil case or a witness other than the accused in a criminal case, Rule 609 is silent. Accordingly, we seek guidance from the Advisory Commission Comment, which unambiguously states:

> For witnesses not covered by 609(a)(3), the balancing test is different. Rule 403 applies, and a conviction would be admissible to impeach unless "its

probative value is substantially outweighed by the danger of unfair prejudice" or other criteria listed in that rule.

Tenn. R. Evid. 609 advisory comm'n cmt. (quoting Tenn. R. Evid. 403).

Despite the clarity of Tennessee Rule of Evidence 609 and its Advisory Commission Comment, Defendants assert that the judge had no discretion to conduct a balancing test under Rule 403 to "override" Rule 609. In support of their argument, Defendants rely on the United States Supreme Court's decision in *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989), which interprets Rule 609 of the Federal Rules of Evidence. We find Defendants' reliance on *Green* misplaced because that case preceded the adoption of the Tennessee Rules of Evidence and, as we explained earlier, unlike the federal rule's mandatory language, Tennessee's rule states that evidence of convictions "may be admitted," indicating that the trial court has discretion. *See Williams*, 352 S.W.2d at 433.

Defendants further contend that the trial court erred by relying on the Advisory Commission Comment of Rule 609 because the comment is "simply wrong" and "there is no law authorizing a court to look to the [comment] to ascertain the intent of the legislature . . . ." We respectfully disagree with Defendants suggestion that there is no authority for a court to consider the comments of the Advisory Commission. To the contrary, "Advisory Commission comments have weight and can provide helpful guidance for construing rules when their text is unclear." *Covington v. Acuff*, No. 01A01-9605-CV-00236, 1997 WL 626872, at *2 (Tenn. Ct. App. 1997).

In this case, Defendants sought to attack the credibility of Plaintiff, a witness in a civil case, with evidence of his prior convictions for receipt of child pornography, possession of child pornography, and transporting obscene matter. The parties concede that the prior convictions were felony convictions and that more than ten years had not elapsed between the date of Plaintiff's release from confinement and commencement of this action; thus, the convictions met the criteria set forth in Tennessee Rule of Evidence 609(a)(2) and 609(b). Accordingly, the convictions were *eligible* to be impeaching convictions subject to Tennessee Rule of Evidence 403. Tenn. R. Evid. 609 advisory comm'n. cmt. However, as provided by Rule 403, if the trial court determines that the probative value of the impeaching convictions is substantially outweighed by its prejudicial effect, the evidence may be excluded. *See* Tenn. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ."); *State v. James*, 81 S.W.3d 751, 757 (Tenn. 2002). Therefore, it was within the discretion of the trial court to determine whether to admit or exclude evidence of Plaintiff's convictions for impeachment purposes.

Having established that the trial court maintained discretion in the admission or exclusion of the convictions, the next question is whether the trial court abused its

discretion in excluding "the details regarding the nature of the convictions, types of convictions or the facts and circumstances surrounding the convictions."

In making a discretionary decision, the trial court is to make a conscientious judgment, consistent with the facts, and takes into account the applicable law. *White*, 469 S.W.3d at 527 (citing *Lee Med. Inc.*, 312 S.W.3d at 524).

> We review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions. When called upon to review a [trial] court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the [trial] court's legal determinations de novo without any presumption of correctness.

*Id.* at 524-25 (internal citations omitted).

Therefore, when reviewing a trial court's discretionary decision, it is our responsibility to determine, where applicable, whether there is a factual basis for the decision in the record, whether the court properly identified and applied the applicable legal principles, and whether the decision is within the range of acceptable alternative dispositions. *Id.* at 524.

Following a thorough review of the record, we have determined that the trial court correctly identified the applicable legal principle, that being Rule 403, and properly applied that principle to the facts of this case to support its conclusion that the probative value of Plaintiff's convictions was substantially outweighed by the danger of unfair prejudice. Specifically, we agree with the trial court's conclusion that Plaintiff's child pornography convictions had very little probative value in an action seeking damages for personal injuries arising from an automobile accident. We also agree with the court's conclusion that a juror learning about the child pornography convictions would be unavoidably angry, offended, and motivated to punish Plaintiff, irrespective of the facts of the case. With the foregoing in mind, we find that the trial court did not abuse its discretion by permitting Defendants to ask Plaintiff if he had been convicted of three felonies, while prohibiting any questions about "the details regarding the nature of the convictions, types of convictions or the facts and circumstances surrounding the convictions."

For the foregoing reasons, we affirm the decision of the trial court.

## In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Defendants.

_____

FRANK G. CLEMENT, JR., P.J., M.S.